State v. Simpson

STATE OF NORTH CAROLINA v. JERRY SIMPSON

No. 8512SC180

(Filed 29 October 1985)

**1. Criminal Law § 73.4— assault with a deadly weapon—exclamation of bystander—startling event or condition**

The trial court did not err in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury by admitting the testimony of a witness that a bystander said, "Don't cut that man." The statement was made while the declarant was observing a bloody fight and was admissible under G.S. 8C-1, Rule 803(2) (Cum. Supp. 1981).

**2. Assault and Battery § 14.5— evidence of knifing—evidence sufficient**

There was sufficient evidence to support defendant's conviction for assault with a deadly weapon inflicting serious injury where the evidence tended to show that the victim was struck across the face and chest by defendant, cutting the victim; thirty-two and thirty-six stitches were required to close the facial and chest wounds; the victim was hospitalized for three days; although the victim did not actually see a knife, another witness saw a knife fall to the ground between the victim and defendant as they tussled; and the witness also testified that he could tell someone had been cut because the knife was red.

**3. Criminal Law § 138— assault with a deadly weapon inflicting serious injury—mitigating factors—no error**

The trial court did not err when sentencing defendant for assault with a deadly weapon inflicting serious injury by striking out the words "significantly" and "strong" from the factors that defendant committed the offense under a threat which was insufficient to constitute a defense but significantly reduced his culpability and that defendant acted under strong provocation. Even assuming that the court's deletion of the words constituted a failure to find the statutory mitigating factors, there was no error because the evidence of those factors was not uncontradicted and manifestly credible in that the victim denied making any threats or doing anything to provoke the defendant.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 5 November 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 24 September 1985.

Defendant was charged in an indictment with assault with a deadly weapon with intent to kill inflicting serious injury. He was convicted of assault with a deadly weapon inflicting serious injury. From a judgment imposing an active sentence of seven years, which exceeded the presumptive term of three years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

JOHNSON, Judge.

The issues in this appeal concern the admission of hearsay evidence, the sufficiency of the evidence, and the court's failure to find statutory mitigating factors. For the following reasons, we conclude that the judgment and the trial are free of error.

[1] The first issue is whether the court erred in admitting the testimony of a witness that a bystander, a boy named Bobby, said, "Don't cut that man." Defendant contends that the testimony was inadmissible hearsay. We disagree. Since this case was tried after 1 July 1984, the North Carolina Rules of Evidence apply. 1983 Sess. Laws, c. 701, s. 3; *see* G.S. 8C-1. Under G.S. 8C-1, Rule 803(2) (Cum. Supp. 1981), a statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the condition or event" is admissible even if the declarant is available as a witness. Rule 803(2) is merely a continuation of the long-standing rule in North Carolina that exclamations of a bystander concerning a startling or unusual event, made spontaneously and without time for reflection or fabrication, are admissible. *See State v. Porter,* 303 N.C. 680, 281 S.E. 2d 377 (1981); 1 Brandis, North Carolina Evidence sec. 164 (2d Rev. Ed. 1982). Here, the statement was made while the declarant was observing a bloody fight. The statement, therefore, was properly admitted.

**[2]**  The second issue is whether there was sufficient evidence to support defendant's conviction for assault with a deadly weapon inflicting serious injury. Defendant argues there was insufficient evidence that defendant assaulted the victim with a knife. Again, we disagree. Taken in the light most favorable to the State, the evidence tends to show that the victim was struck across the face and chest by defendant, cutting the victim. Thirty-two and thirty-six stitches were required to close the facial and chest wounds, respectively. The victim was hospitalized for three days. Although the victim did not actually see a knife, another witness saw a knife fall to the ground between the victim and defendant as they tussled. The witness also testified that he could tell someone had been cut because the knife was red. We hold the foregoing evidence was sufficient to support a jury finding that defendant assaulted the victim with a knife.

**[3]**  The remaining issue is whether the court erred in failing to find *as mitigating factors (1) that the defendant committed the offense under threat which was insufficient to constitute a defense but significantly reduced his culpability; and (2) that the defendant acted under strong provocation.* In sentencing defendant, the court made the foregoing findings but struck out the words "significantly" and "strong." Defendant argues that by striking out these words, the court in effect failed to find these statutory mitigating factors. Assuming *arguendo* that the court's deletion of the words constituted a failure to find the statutory mitigating factors, we conclude the court did not err in failing to make such findings. A court is required to find a statutory mitigating factor only if the evidence supporting it is uncontradicted and manifestly credible. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). The evidence in the present case was not uncontradicted and manifestly credible, as the victim denied making any threats or doing anything to provoke the defendant.

For the foregoing reasons, we find

No error.

Judges WEBB and PHILLIPS concur.