STATE OF NORTH CAROLINA v. AARON JONES ALIAS AARON MILLER

No. 714A82

(Filed 7 September 1983)

1. **Criminal Law § 138— failure to consider mitigating factor—passive role in commission of murder**

    Where the evidence before the court was both uncontradicted and manifestly credible that defendant played a passive role in the commission of a murder, the trial court erred in failing to consider it as a mitigating factor in defendant's sentencing hearing. G.S. 15A-1340.4(a)(2).

2. **Criminal Law § 138— aggravating factor that offense committed for pecuniary gain improperly considered**

    In a prosecution for murder, felonious larceny, armed robbery and conspiracy, the trial court erroneously considered as an aggravating factor that the offenses were committed for pecuniary gain since there was no evidence that defendant was "hired" or "paid" to commit the offenses. G.S. 15A-1340.4(a)(1)c.

3. **Criminal Law § 138— aggravating factor that defendant occupied position of leadership or dominance properly considered**

    The trial court properly considered as an aggravating factor in an armed robbery case that defendant "induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants" where the evidence showed that defendant was the one who initially grabbed the victim and forced her to the floor; that defendant obtained her keys, told a codefendant to start the car and was the driver of the car as they fled the scene.

BEFORE *Judge David Reid, Jr.,* presiding at the 28 March 1982 Criminal Session of CRAVEN Superior Court, defendant pled guilty to charges of second degree murder, armed robbery, conspiracy to commit armed robbery and felonious larceny. Defendant was sentenced by *Judge Bradford Tillery* at the 3 August 1982 Criminal Session of CRAVEN Superior Court. He received sentences of life imprisonment for the murder conviction, five years' imprisonment for the felonious larceny conviction, forty years' imprisonment for the armed robbery conviction, and three years' imprisonment for the conspiracy conviction, all sentences to run concurrently. Defendant appeals his life sentence to this Court pursuant to N.C. Rule of App. P. 4(b), as authorized by G.S. 15A-1444(al) & (d). His motion to bypass the Court of Appeals in his appeal of the other sentences was granted on 20 January 1983.

*Rufus L. Edmisten, Attorney General, by George W. Lennon, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Marc D. Towler, Assistant Appellate Defender, for defendant appellant.*

EXUM, Justice.

Defendant argues he is entitled to a new sentencing hearing because of errors committed by the sentencing judge. Specifically, he argues Judge Tillery should have found certain mitigating factors which were supported by the evidence, should not have found as an aggravating factor that the offenses were committed for pecuniary gain, and should not have found defendant "occupied a position of leadership or dominance of other participants" as an aggravating factor in sentencing on the armed robbery charge. We conclude defendant is entitled to a new sentencing hearing because of errors committed in the sentencing.

The state offered evidence at the sentencing hearing through the testimony of Sergeant Donald Sykes of the New Bern Police Department. He discovered the body of nineteen-year-old Patricia Phillips, the lone clerk in a Zip Mart convenience store in New Bern, shortly after midnight on 14 January 1982. She died of a single gunshot wound from a .38 caliber pistol. Her automobile had been stolen.

About 10:30 a.m. on 14 January her automobile, containing three adults and some children, was stopped by the Brunswick, Georgia, State Police. Arrested were defendant, Rosa Lee Gibbs, and Tonia Jamison. From the statements given by defendant and the two women, Sykes was able to ascertain the chain of events leading to the murder.

The three individuals were living together in a house not far from the Zip Mart; defendant and Rosa Gibbs were romantically involved. They had no money and their house was without heat. Gibbs possessed a .38 caliber pistol and after "casing" several convenience stores they decided to rob the Zip Mart because only one clerk worked at night. About 10 p.m. on 13 January they went to the store. The two women went to the beer cooler while defendant went behind the counter and knocked Phillips to the floor. The two women also went behind the counter; Gibbs threatened Phillips with the pistol, telling her, "[I]f you don't tell me the combination I'm going to have to hurt you." Phillips told them how to open the safe and defendant and Jamison began removing money from the safe and cash register. Defendant then took Phillips' car keys and told Jamison to start the car. Defendant pulled the phone receiver off the wall as he left the store. Gibbs followed him to the car. Gibbs then told the others she had to go back in and kill Phillips because Phillips could identify her; Jamison and defendant told her not to. However, Gibbs went back inside, killing Phillips with one shot. Gibbs returned and they drove away in the victim's car with defendant driving. They picked up Gibbs' children and some clothing and headed for Florida, where defendant had lived in the past. When they were stopped the pistol, the victim's pocketbook, and some of the stolen money were in the car.

Gibbs made a statement to the Georgia police that day; defendant confessed to Sykes the following day. Defendant and Jamison agreed to testify for the state should a trial of Gibbs be necessary.

A friend of defendant's, his mother and his sister testified about his quiet, non-violent disposition. It also appears from defense counsel's arguments that a presentence diagnostic report on defendant was before the sentencing judge, but the report is not in the transcript or record on appeal.

Defendant received sentences in each case greater than the presumptive terms of imprisonment prescribed in G.S. 15A-1340.4 (f). These presumptive terms are the result of the Fair Sentencing Act, which established a new sentencing scheme for felons whose offenses were committed on or after 1 July 1981. G.S. 15A-1340.1 (a). A sentencing judge may vary the sentence from the presumptive if he makes appropriate findings of aggravating or mitigating factors or if the sentence is pursuant to a plea arrangement. G.S. 15A-1340.4(a) & (b). Sentences which exceed the presumptive may be appealed by the defendant as a matter of right. G.S. 15A-1444 (al).

The following chart shows the offenses of which defendant was convicted, the presumptive terms, the maximum terms permitted, and the prison terms defendant actually received:

| Conviction | Presumptive (G.S. 15A-1340.6(f)) | Maximum (G.S. 14-1.1) | Term Received |
|---|---|---|---|
| Second Degree Murder (Class C) | 15 years | life or 50 years | life |
| Armed Robbery (Class D) | 12 years | 40 years | 40 years |
| Felonious Larceny (Class H) | 3 years | 10 years | 5 years |
| Conspiracy to commit armed robbery (Class J) | 1 year | 3 years | 3 years |

The terms imposed were all based on the aggravating factor that the offenses were committed for pecuniary gain, G.S. 15A-1340.4(a)(1)c, and the mitigating factor that "at an early stage of the criminal process, the defendant voluntarily acknowledged wrong-doing in connection with the offense to a law enforcement officer." G.S. 15A-1340.4(a)(2)l. In addition, the sentencing judge found as an aggravating factor in the armed robbery case that

"defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants." G.S. 15A-1340.4(a)(1)a.

[1] Defendant first argues he is entitled to a new sentencing hearing because the sentencing judge failed to find four of the mitigating factors listed in G.S. 15A-1340.4(a)(2). He argues the trial court ignored the statutory directive that before he imposes a prison term other than the presumptive he must consider all the aggravating and mitigating factors listed in G.S. 15A-1340.4(a). Defendant contends the following four mitigating factors were proved by a preponderance of the evidence and should have been found:

G.S. 15A-1340.4(a)(2) . . .:

. . . . .

c. The defendant was a passive participant or played a minor role in the commission of the offense.

d. The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense.

. . . .

h. The defendant aided in the apprehension of another felon or testified truthfully on behalf of the prosecution in another prosecution of a felony.

. . . .

j. The defendant could not reasonably foresee that his conduct would cause or threaten serious bodily harm or fear, or the defendant exercised caution to avoid such consequences.

We believe defendant's argument is correct to the extent that subsection (a)(2)c should have been found with respect to the murder charge. We do not believe the trial court erred in refusing to find any of the other mitigating circumstances.

When evidence in support of a particular mitigating or aggravating factor is uncontradicted, substantial, and there is no

reason to doubt its credibility, to permit the sentencing judge simply to ignore it would eviscerate the Fair Sentencing Act. The Act clearly states that unless the sentence is imposed pursuant to a plea arrangement "he *must* consider each of the [statutory] aggravating and mitigating factors." G.S. 15A-1340.4(a) (emphasis added). The Act further states that one of "[t]he primary purposes of sentencing a person convicted of a crime [is] to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability . . . ." G.S. 15A-1340.3. To allow the trial court to ignore uncontradicted, credible evidence of either an aggravating or a mitigating factor would render the requirement that he consider the statutory factors meaningless, and would be counter to the objective that the punishment imposed take "into account factors that may diminish or increase the offender's culpability." The sentencing judge, even when required to find factors proved by uncontradicted, credible evidence, may still attribute whatever weight he deems appropriate to the individual factors found when balancing them and arriving at a prison term. *State v. Ahearn*, 307 N.C. 584, 596-97, 300 S.E. 2d 689, 697 (1983) (quoting *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982)); G.S. 15A-1340.4(b) (trial court must find aggravating factors outweigh mitigating if he imposes term greater than presumptive or that mitigating factors outweigh aggravating if he imposes term less than presumptive).

In determining whether the evidence compels that a particular factor be found the trial court may be guided by principles developed in civil cases for directing a verdict for the party with the burden of proof. In the sentencing scheme set forth in the Fair Sentencing Act the burden of proving aggravating or mitigating factors is not expressly allocated. We hold, however, that the state bears the burden of persuasion on aggravating factors if it seeks a term greater than the presumptive. Likewise, the defendant bears the burden of persuasion on mitigating factors if he seeks a term less than the presumptive. Thus, when a defendant argues, as in the case at bar, that the trial court erred in failing to find a mitigating factor proved by uncontradicted evidence, his position is analogous to that of a party with the burden of persuasion seeking a directed verdict. He is asking the

court to conclude that "the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn," and that the credibility of the evidence "is manifest as a matter of law." *North Carolina National Bank v. Burnette,* 297 N.C. 524, 536-37, 256 S.E. 2d 388, 395 (1979); *see also Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976) (discussed award of summary judgment to party with burden of persuasion).

It is easier to determine from a record on appeal whether evidence of a particular fact is uncontradicted than it is to determine whether the credibility of the evidence is manifest. Justice Huskins, writing for the Court in *North Carolina National Bank v. Burnette, supra,* 297 N.C. at 537-38, 256 S.E. 2d at 396, reviewed cases in which courts struggled with the question of whether credibility had been established. He found three situations in which courts found credibility to be manifest:

(1) Where non-movant establishes proponent's case by admitting the truth of the basic facts upon which the claim of proponent rests. *Flintall v. Insurance Co.,* 259 N.C. 666, 131 S.E. 2d 312 (1963); *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165 (1956).

(2) Where the controlling evidence is documentary and non-movant does not deny the authenticity or correctness of the documents. *Watkins Products, Inc. v. Keane,* 185 Neb. 424, 176 N.W. 2d 230 (1970); *Commerce Trust Co. v. Howard,* 429 S.W. 2d 702 (Mo. 1968); 2 McIntosh, supra, 1488.20 at 26 (Phillips Supp. 1970).

(3) Where there are only latent doubts as to the credibility of oral testimony and the opposing party has 'failed to point to specific areas of impeachment and contradictions.' *Kidd v. Early, supra,* 289 N.C. at 370. *See also,* Comment, [Directing Verdict for the Party with the Burden of Proof], 50 N.C. L. Rev. [843,] 844-46 (1972).

Determining the credibility of evidence is at the heart of the fact-finding function. Nevertheless, in order to give proper effect to the Fair Sentencing Act, we must find the sentencing judge in error if he fails to find a statutory factor when evidence of its existence is both uncontradicted and manifestly credible.

From all the evidence before us, particularly the testimony of Sergeant Sykes, it appears defendant played a passive role in the commission of the murder. All three perpetrators were preparing to leave in the victim's automobile when Gibbs announced she was going back into the store to kill Phillips. Defendant had apparently agreed with Gibbs and Jamison to rob the store but there was no agreement to kill the clerk. Defendant and Jamison tried to persuade Gibbs not to shoot Phillips; she ignored their plea. There is evidence that defendant was an active participant in the other offenses; he helped plan the robbery, subdued the clerk, took her keys and told Jamison to start the automobile, and jerked the phone receiver off the wall. But the state's testimony that defendant implored Gibbs not to kill Phillips and that she did so after her companions were in the car preparing to leave was neither impeached nor contradicted. The evidence is, then, both uncontradicted and manifestly credible.

The trial court erred, therefore, when it failed to find defendant had a passive role in the murder. The murder conviction must be remanded for a new sentencing hearing. *See State v. Ahearn, supra,* 307 N.C. at 602, 300 S.E. 2d at 700-01.

With regard to the three other mitigating factors, we find no evidentiary support for defendant's contention that they should have been found. Defendant in argument at the sentencing hearing refers to a presentencing report which may support factor G.S. 15A-1340.4(a)(2)d, *i.e.,* that defendant suffered from a mental condition which "significantly reduced his culpability." This argument does not constitute evidence; and, as noted, the presentencing report is not before us. Neither is there evidence in the record or transcript which would compel the trial court to find factor G.S. 15A-1340.4(a)(2)j, that "defendant could not reasonably foresee that his conduct would cause or threaten serious bodily harm or fear, or the defendant exercised caution to avoid such consequences." That defendant protested Gibbs' plan to shoot Phillips is insufficient, in light of other evidence, to prove he "exercised caution" to avoid the threat of "serious bodily harm or fear" with respect to the murder. He had gone with Gibbs to the store to commit a felony, knowing she was armed with a gun. He fully participated in the conspiracy, robbery, and larceny during which Phillips was physically subdued and threatened with a gun. Although he did attempt to discourage Gibbs from killing Phillips,

his overall behavior does not mandate finding that he exercised caution to avoid serious bodily harm or fear to be caused another. Likewise, there is no evidence which would support a finding that defendant could not "reasonably foresee" his conduct would cause harm or the threat of harm to another.

The last component of defendant's argument on mitigating factors is that the trial court should have found G.S. 15A-1340.4(a)(2)h. This provision deems the fact that a defendant aided in apprehending another felon or testified truthfully for the prosecution in another felony prosecution to be a mitigating factor. Defendant has failed to demonstrate he aided in the apprehension of another felon; defendant and his companions in these crimes were all apprehended by the Georgia police at the same time. In addition, he has failed to show he "testified truthfully" against another felon for the prosecution. He *agreed* to testify against Gibbs as part of his plea bargain and this fact may be of some mitigating value should the trial court consider it to be such as he is permitted but not required to do under G.S. 15A-1340.4(a). But defendant was never actually called upon to testify; therefore the specific statutory circumstance that defendant must have "testified truthfully" does not exist.

[2] Defendant next argues the trial court erred in finding in each case the aggravating factor that the offense was committed for pecuniary gain. G.S. 15A-1340.4(a)(1)c. We believe defendant's argument is well taken for the reasons set forth in *State v. Abdullah,* 309 N.C. 63, 306 S.E. 2d 100 (1983). In *Abdullah* we held that "where there is no evidence that defendant was hired or paid to commit the crime," the legislature did not intend for defendant's sentence to be enhanced because money or valuable items were involved in the offense. *Id.* at 77, 306 S.E. 2d at 108; *see also State v. Thompson,* 62 N.C. App. 585, 586, 303 S.E. 2d 85, 86 (1983). In the instant case there is no evidence defendant was "hired" or "paid" to commit these offenses; therefore, the trial court should not have found the "pecuniary gain" aggravating factor in any of the cases. All of the cases must be remanded for a new sentencing hearing for this reason. *See State v. Ahearn, supra,* 307 N.C. at 602, 300 S.E. 2d at 700-01.

[3] Defendant's final argument is that the trial court erred in finding as an aggravating factor in the armed robbery case that

"defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants." G.S. 15A-1340.4(a)(1)a. He argues the evidence shows Gibbs was the moving force in all these offenses. While the evidence does show Gibbs "occupied a position of leadership or dominance" in these offenses, it also shows defendant to have been a leader in the robbery. Defendant was the one who initially grabbed Phillips and forced her to the floor. He also obtained her keys, told Jamison to start the car and was the driver of the car as they fled the scene. This was sufficient evidence to prove by a preponderance of evidence that defendant occupied a position of leadership or dominance over Jamison, if not over Gibbs, in the armed robbery.

Finally, it is appropriate, for the trial court's guidance at the new sentencing hearing, to repeat our holding in *State v. Ahearn, supra*, 307 N.C. at 598, 300 S.E. 2d at 698,

> that in every case in which the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, each offense, whether consolidated for hearing or not, must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense.

We also repeat the caution in *Ahearn* that when factors are listed in the disjunctive in the statute, the portions inapplicable to the particular case should be eliminated. *Id.* at 599, 300 S.E. 2d at 698.

For the reasons given the judgments and commitments entered below in all cases are vacated and all cases are remanded for a new sentencing hearing.

Remanded for a new sentencing hearing.