STATE OF NORTH CAROLINA v. WILLIAM EUGENE BENFIELD

No. 8321SC805

(Filed 3 April 1984)

1. **Criminal Law § 138— consolidating misdemeanor and felony charges—use of misdemeanor to increase sentence for felony**

      The trial court erred in consolidating misdemeanor and felony charges against defendant for judgment and then using the misdemeanor to increase the presumptive sentence of the felony.

State v. Benfield

**2. Criminal Law § 138— sentence for felonious assault—excessive bodily injury as aggravating factor**

In imposing a sentence upon defendant for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court erred in finding as an aggravating factor that defendant inflicted serious bodily injury on the victim substantially in excess of the minimum amount to prove the offense since the same evidence necessary to prove the serious injury element of the offense was used to prove the factor in aggravation. G.S. 15A-1340.4(a)(1).

**3. Criminal Law § 138— sentence for discharging firearm into occupied dwelling—creating risk to more than one person as aggravating factor**

The trial court erred in finding as an aggravating factor for the offense of discharging a firearm into an occupied dwelling that defendant knowingly created a great risk of death to more than one person since the creation of great risk of death was considered by the legislature in establishing the presumptive sentence for such offense.

APPEAL by defendant from *Albright, Judge.* Judgment entered 1 April 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 February 1984.

Defendant was tried on bills of indictment charging him with assault with a deadly weapon with intent to kill resulting in serious bodily injury, first degree burglary, and discharging a firearm into occupied property. On the night of 3 November 1982, defendant saw his estranged wife's truck in the driveway of a resident on Old Hollow Road in Forsyth County. The couple had recently filed for divorce. Defendant stopped his vehicle and walked up to the house. Through a bedroom window he saw his estranged wife, Paulette, in bed with Denny Shaffer, whom defendant did not know.

Defendant testified at trial that he had initially intended only to take a snapshot of his wife's truck, but that after seeing her with another man he decided to knock on the front door. Defendant testified that he was shot through the door with a shotgun and that he then ran back to his vehicle and drove away.

Paulette Benfield and Denny Shaffer, however, gave a different version of the events at trial. They testified that, while they were in bed, Paulette heard a gun cock and fire and saw defendant at the window. Shaffer was shot in the back, but was able to push Paulette onto the floor. He then tried to grab defendant's arm, which was extended through the window. Shaffer testified that he ran to the front of the house where Jackie Setzer, a

friend who was visiting at the time, threw him his loaded .410 shotgun. As the front door was being kicked, Shaffer pointed the shotgun at the door and pulled the trigger. Defendant then fired two more shots, one of which struck Beverly Lineberry, Jackie Setzer's girl friend who was also present, behind the left ear.

Defendant was subsequently convicted on two counts of assault with a deadly weapon with intent to inflict serious injury, one count of felonious breaking or entering, one count of discharging a firearm into an occupied dwelling, and one count of assault with a deadly weapon. The trial court found twelve factors in aggravation and no mitigating factors and sentenced defendant to a total of 30 years in prison. From these proceedings defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Davis and Harwell, by Fred R. Harwell, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant's foremost contention is that the trial court erred in its finding of 12 factors in aggravation at the sentencing hearing. We agree and are compelled to remand this case to superior court for resentencing.

[1]   One finding made by the court was that "a charge for which separate punishment would have been imposed has been consolidated for judgment in this case." This finding was based on the fact that the shots fired into the bedroom window of the Shaffer residence resulted in both a misdemeanor charge of assault with a deadly weapon, for the offense against defendant's wife, and a felony charge of assault with a deadly weapon with intent to kill inflicting serious bodily injury, for the offense against Denny Shaffer. The trial court consolidated the felony and misdemeanor for purposes of sentencing. As a result of the court's finding in aggravation, defendant was sentenced to seven years in prison, in excess of the six-year presumptive term for a Class F felony.

The Supreme Court of North Carolina has ruled that:

in every case in which the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, each offense, whether consolidated for hearing or not, must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense.

*State v. Ahearn*, 307 N.C. 584, 598, 300 S.E. 2d 689, 698 (1983). *See State v. Mitchell*, 62 N.C. App. 21, 302 S.E. 2d 265 (1983). We find that it was error to consolidate the misdemeanor and felony charges and then to use the misdemeanor to increase the presumptive sentence of the felony.

[2]   Another finding in aggravation made by the trial court involved the charge of assault with a deadly weapon with intent to kill inflicting serious injury as committed against Beverly Lineberry. As an aggravating factor, the court found that "the defendant inflicted serious bodily injury on the victim substantially in excess of the minimum amount to prove the offense. . . ." For this offense defendant was sentenced to 15 years in prison, in excess of the six-year presumptive term. We find that the court improperly found this aggravating factor, since the same evidence necessary to prove the serious injury element of the offense was used to prove the factor in aggravation. G.S. 15A-1340.4(a)(1).

[3]   Moreover, with regard to defendant's conviction for discharging a firearm into an occupied dwelling, the court found as an aggravating factor that "the defendant knowingly created a great risk of death to more than one person." For this offense defendant was sentenced to four years in prison, in excess of the three-year presumptive term for a Class H felony. We find that this finding in aggravation was made in error because the creation of great risk of death was no doubt considered by the legislature in establishing the presumptive sentence for the offense of discharging a firearm into an occupied dwelling. *See State v. Huntley*, --- N.C. App. ---, 303 S.E. 2d 330 (1983).

The Supreme Court of North Carolina has held that "in every case in which it is found that the judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentence hearing." *State v. Ahearn*, 307 N.C. at 602, 300 S.E. 2d at 701.

Although only one error in sentencing requires us to remand a case for a new sentencing hearing we have pointed out more than one improper finding in aggravation in the case before us merely to emphasize the increasing likelihood of error where additional non-statutory aggravating factors are unnecessarily found. As this Court stated recently:

> In light of the increasing number of cases that have been remanded because of erroneous findings of non-statutory factors in aggravation, this Court deems it appropriate to remind trial judges that only one factor in aggravation is necessary to support a sentence greater than the presumptive term. . . . [T]he trial judge may wish to exercise restraint when considering non-statutory aggravating factors after having found statutory factors. This prudent course of conduct would lessen the chance of having the case remanded for resentencing.

*State v. Baucom* (No. 8326SC618, filed 7 February 1984).

We have examined defendant's remaining assignments of error and find in them no merit. Because of the improper finding of non-statutory aggravating factors, however, we remand this case for resentencing.

Remanded for resentencing.

Judges WHICHARD and BECTON concur.