STATE OF NORTH CAROLINA v. MICHAEL LEE PARKER AND JAMES EDWARD PARKER

No. 344A84

(Filed 10 December 1985)

**1. Criminal Law § 138.23— mitigating factor—passive participant—no error in refusal to find**

The trial court did not err in a prosecution for murder, armed robbery, and kidnapping by failing to find the mitigating factor that Michael Parker

State v. Parker

was a passive participant where Michael Parker did nothing to discourage his accomplices from stabbing the victim and dragging him into the woods, where he bled to death slowly; Michael Parker did nothing to counteract the ultimate effect of his accomplices' actions; there was evidence that Michael Parker was pleased with the result because he bore ill will for the victim; and Michael Parker participated to the extent that he was a lookout, covered up blood in the road, disarmed the victim after the stabbing when the victim gained control of the knife, and left the victim to die. Although Michael Parker did not plan or actually commit the murder, he was more than a passive onlooker and never remonstrated with his accomplices about it. N.C.G.S. 15A-1340.4(a)(2)c.

2. **Criminal Law § 138.17— aggravating factor—motivated by desire to escape process of law—error**

The trial court erred in a prosecution for murder, armed robbery, and kidnapping by finding as an aggravating factor that Michael Parker was motivated by the desire to escape the processes of the law where all of the evidence showed that Michael Parker participated based on ill will harbored toward the victim because the victim had in the past reported Michael's brother to the police and had accused both defendants of other crimes.

3. **Criminal Law § 138.29— aggravating factor—no remorse—error**

The trial court erred in a prosecution for murder, armed robbery, and kidnapping by finding in aggravation that Michael Parker showed a lack of remorse for the crimes where there was no evidence of any lack of remorse except at the very time he was committing the crime charged. It is not enough to show merely that there was no remorse at the very time the crime was being committed.

4. **Criminal Law § 138.14— one aggravating factor outweighed three mitigating factors—no abuse of discretion**

The trial court did not abuse its discretion when sentencing James Parker for murder, armed robbery, and kidnapping by finding that the aggravating factor outweighed the three mitigating factors and sentencing him to the maximum terms for all offenses. Only one mitigating factor weighed heavily in defendant's favor and the two non-statutory mitigating factors did not tilt the scales so heavily in defendant's favor that the weighing process was removed from the sentencing judge's discretion. N.C.G.S. 15A-1340.4(a)(1)f.

5. **Criminal Law § 138.14— greater than presumptive term—one aggravating factor not always enough**

The Court of Appeals' language in *State v. Baucom*, 66 N.C. App. 298, 302, that only one factor in aggravation is necessary to support a sentence greater than the presumptive term, will not always be true. In some cases, a single, relatively minor aggravating circumstance simply will not reasonably outweigh a number of highly significant mitigating factors.

Justice BILLINGS took no part in the consideration or decision of this case.

APPEAL by defendants under N.C.G.S. § 15A-1444(a1) from life sentences imposed by *Johnson, J.*, presiding at the 23 Febru-

ary 1984 Session of ORANGE County Superior Court. Defendants' petitions to bypass the Court of Appeals as to sentences less than life allowed.

*Rufus L. Edmisten, Attorney General, by Douglas A. Johnston and Norma S. Harrell, Assistant Attorneys General, for the state.*

*J. Kirk Osborn, Public Defender, for defendant appellant Michael Lee Parker.*

*Alonzo Brown Coleman, Jr., for defendant appellant James Edward Parker.*

EXUM, Justice.

Upon defendants' pleas of guilty to second degree murder, first degree kidnapping and armed robbery and following a sentencing hearing pursuant to North Carolina's Fair Sentencing Act, N.C.G.S. §§ 15A-1340.1 to 1340.4 (1983), defendants received sentences of life imprisonment for second degree murder. The kidnapping and robbery cases were consolidated for judgment and sentences of 40 years were imposed on both defendants, the sentences to begin at the expiration of the life sentences. All sentences were in excess of the presumptive sentences allowed under N.C.G.S. §§ 14-17, 14-87, and 14-39.

I.

The state offered evidence tending to show the following:

On the morning of 7 July 1983, defendants went with Mark Bethea to the home of their sister, Belinda Noell, and remained there throughout the day. Late that evening, Michael Parker asked Noell's neighbor, Edwin Thomas ("Ned") Williams, Jr., the victim, for a ride. As defendants, Bethea and Williams were traveling north towards Chapel Hill on Highway 15-501, Michael Parker pulled a gun (later found to be a starter's pistol, incapable of firing bullets) on Williams and ordered him to stop the car. Williams pulled off onto Bennett Road, a dirt road off Highway 15-501, and stopped. James Parker and Bethea pulled Williams out of the car, and James Parker stabbed him with Bethea's knife. Williams removed the knife from his body, and Michael Parker kicked it out of his hand. Michael Parker went back to Highway

15-501 to make sure that no one drove down Bennett Road. James Parker and Bethea tied Williams' hands, dragged him into the woods and tied him to a tree, where he bled to death. Michael returned, did not see Williams sitting in the road, and did not ask his brother and Bethea what had happened to Williams because he "could care less." Michael was angry at Williams because the latter had reported James Parker to the police in the past, and had accused defendants of other break-ins as well.

Before leaving in Williams' car, the three kicked dirt over a large amount of blood in the road. They drove to Chapel Hill, visited some friends, gave a girl a ride home, and bought beer. The Parkers and Bethea eventually headed for Noell's house, intending to pick up their clothes and flee first to defendants' father's house in Troy, North Carolina, and then to New Jersey. Outstanding arrest orders against Michael and Bethea for failure to appear in court on fishing violations prompted their planned flight.

Defendants each had only one prior brush with the law. In April 1983 Michael pleaded guilty to two counts of misdemeanor breaking or entering and larceny and one count of damage to public property. He was placed on probation and ordered to pay costs and $250 restitution. In August 1981, James was convicted of attempted breaking or entering. The evidence showed he was caught by police on school grounds looking into a classroom window. The court imposed a six-month suspended sentence and a fine of $25.

For two or three weeks before the crimes now under consideration were committed, all three defendants had been planning to leave town, supposedly to avoid the arrest of Michael and Bethea for failure to appear in court on fishing violations. Michael and Bethea had taken the fishing violation ticket to the magistrate with $35, but $55 or $60 was required. Defendants planned to flee ultimately to New Jersey, where James Parker had acquaintances. Defendants had not planned to hurt anyone; they merely intended to straight-wire a car and leave the state. The state also introduced Michael Parker's statement that at the time of the stabbing he did not care what happened to the victim.

Michael Parker offered evidence from a clinical psychologist specializing in corrections that the defendant's statements indicat-

ing an apparent lack of remorse may have been a defense mechanism "for covering up great inner turmoil that he can't come to grips with." The witness noted, however, that in the defendant's case that phenomenon is merely a possibility, not a diagnosis.

After a sentencing hearing the trial court found as to Michael Parker one statutory aggravating factor, a prior conviction for an offense punishable by more than 60 days' confinement, N.C.G.S. § 15A-1340.4(a)(1)(o), and two nonstatutory aggravating factors: (1) defendant's motive in part was to escape from the processes of the law for failure to appear in court for certain fishing violations and (2) defendant made specific declarations of indifference to the victim's death, thus showing a lack of remorse. In mitigation the trial court found four factors, two statutory and two nonstatutory. These were: (1) defendant's limited mental capacity at the time of the commission of the offense significantly reduced his culpability, *id.* at (a)(2)(e); (2) defendant, at an early stage of the criminal process, voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer, *id.* at (a)(2)(l); (3) defendant came from an economically deprived home and lacked adequate supervision, clothing, and hygiene; and (4) defendant, at the time of the offenses, was 18 years of age. The trial court found that the aggravating factors outweighed the mitigating factors. All of the foregoing findings were made to apply to all offenses.

In sentencing James Parker, the trial court found one statutory factor in aggravation: defendant had a prior conviction for an offense punishable by more than 60 days' confinement, *id.* at (a)(1)(o). In mitigation, the trial court found one statutory and two nonstatutory factors: (1) defendant's limited mental capacity at the time of the offense significantly reduced his culpability, *id.* at (a)(2)(e); (2) defendant was a victim of child abuse and neglect raised in abject poverty in an unstable and chaotic home environment; and (3) defendant's background does not demonstrate a habitually violent nature. The trial court found that the aggravating factors outweighed those in mitigation. Again all findings were made to apply to all offenses.

The questions raised by defendant Michael Parker's appeal are first whether the trial court erred in finding as aggravating factors that: (1) defendant's motive for the murder was to escape

from the processes of the law for what he perceived to be outstanding arrest orders for failure to appear in court on fishing violations and (2) defendant made specific declarations of indifference to the victim's death, thus showing lack of remorse. Second, Michael contends the trial court erred in failing to find the following factors in mitigation of punishment: (1) defendant was a passive participant in all the crimes; (2) defendant could not reasonably foresee bodily harm to the victim; (3) despite defendant's record of committing property crimes, he had no record of committing violent crimes or carrying a weapon; (4) defendant did not use the knife which inflicted the fatal wound; (5) defendant did not assist in dragging the victim away and tying him to a tree; and (6) defendant was not armed with a deadly weapon throughout the entire matter.

Defendant James Parker contends it was an abuse of discretion for the trial court to find that the aggravating factor found against him outweighed three mitigating factors found in his favor.

## II.

## A.

[1] We first address defendant Michael Parker's contention that the trial court erred in failing to find as a statutory mitigating factor that he was only a passive participant in the murder of Williams. N.C.G.S. § 15A-1340.4(a)(2)c. We think there was no error in this determination by the trial court.

When evidence in support of a statutory mitigating factor "is uncontradicted, substantial, and there is no reason to doubt its credibility, to permit the sentencing judge simply to ignore it would eviscerate the Fair Sentencing Act." *State v. Jones*, 309 N.C. 214, 218-19, 306 S.E. 2d 451, 454 (1983). Under N.C.G.S. § 15A-1340.4(a) judges must consider all aggravating and mitigating factors before imposing a prison term other than the presumptive term. "To allow the trial court to ignore uncontradicted, credible evidence of either an aggravating or a mitigating factor would render the requirement that he consider the statutory factors meaningless, and would be counter to the objective that the punishment imposed take 'into account factors that may diminish or increase the offender's culpability,'" as required under

N.C.G.S. § 15A-1340.3. *State v. Jones*, 309 N.C. at 219, 306 S.E. 2d at 455. The state bears the burden of persuasion on aggravating factors and the defendant bears the burden of persuasion on mitigating factors. *Id.*

Thus when a defendant argues that the trial court erred in failing to find a statutory mitigating factor proved by uncontradicted evidence, he is asking the court to conclude that "the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn," and that the credibility of the evidence "is manifest as a matter of law." *Id.* at 219-220, 306 S.E. 2d at 455, citing *North Carolina National Bank v. Burnette*, 297 N.C. 524, 536-37, 256 S.E. 2d 388, 395 (1979). "Determining the credibility of evidence is at the heart of the fact finding function. Nevertheless, in order to give proper effect to the Fair Sentencing Act, we must find the sentencing judge in error if he fails to find a statutory factor when evidence of its existence is both uncontradicted and manifestly credible." *State v. Jones*, 309 N.C. at 220, 306 S.E. 2d at 456.

In *State v. Jones* defendant played an active role in an armed robbery he planned with two women. After the robbery when defendant and the other two perpetrators were in the car ready to leave the store, one of the women decided to go back and kill the cashier. Defendant and the other perpetrator unsuccessfully tried to persuade her not to do so. As that evidence was uncontradicted, unimpeached and manifestly credible, we held the trial court erred in failing to find that the defendant played a passive role in the murder and remanded the case for a new sentencing hearing. *Id.* at 221, 306 S.E. 2d at 456.

Important for purposes of this decision is *State v. Ahearn*, 307 N.C. 584, 598, 300 S.E. 2d 689, 698 (1983), in which we said:

> [I]n every case in which the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, each offense, whether consolidated for hearing or not, must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense.

Although Michael Parker apparently played an active role in the armed robbery and kidnapping of Williams, his role in Williams'

murder is less clear. It is clear that Michael did not anticipate or plan the murder, did not use the murder weapon, and did not participate in dragging the victim away and tying him to a tree where he bled to death. Nevertheless, Michael's acts do not so disassociate him from the murder that *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983), is controlling. Jones actively attempted to persuade his cohort not to kill the victim. Granted Jones had more time to discuss the murder before its commission than did Michael Parker, but the victim in *Jones* died almost instantly from a single gunshot wound. Williams received one stab wound which would not necessarily have caused his death; the autopsy showed he bled to death slowly. Michael did nothing to discourage his brother and Bethea from stabbing Williams and dragging him into the woods and did nothing to counteract the ultimate effect of their actions. There is evidence that Michael was pleased with the result at the time because he bore ill will for the victim. Michael did participate in the murder to the extent that he was a lookout, covered up the blood in the road, disarmed Williams after the stabbing when Williams had gained control of the knife, and left Williams to die. Although Michael did not plan, anticipate or actually commit the murder, he was more than a passive onlooker and never, as defendant did in *Jones*, remonstrated with his accomplices about it.

The evidence, then, does not so clearly establish that Michael Parker was a passive participant in the murder that no reasonable inferences to the contrary can be drawn. Judge Johnson, therefore, did not err in failing to find this mitigating circumstance.

B.

[2] We next turn to Michael Parker's contention that the sentencing court erred in finding as an aggravating factor in the murder case that this crime was motivated by Michael's desire to escape the processes of the law for what Michael perceived to be arrest orders for failure to appear in court on fishing violations.

We agree that this finding was error. There is no evidence to support it. All evidence tends to show Michael did not plan, anticipate or actually commit the murder. To the extent he did participate in it, all the evidence shows it was because of ill will harbored toward Williams because Williams in the past had

reported his brother to police and had accused both defendants of other crimes as well. As noted above, each offense, even if consolidated for trial or hearing with another, must, unless consolidated also for judgment, be treated separately at sentencing in determining which aggravating and mitigating circumstances pertain to which offenses. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689. Thus, while Judge Johnson *properly* found this factor of Michael's motivation in aggravation of his punishment for robbery and kidnapping, he erred in finding it as an aggravating factor in the murder case.

C.

[3] We next consider whether the sentencing court erred in finding in aggravation of both of Michael's sentences that Michael showed a lack of remorse for the crimes. We think there is no evidentiary support for this finding.

The only possible evidentiary basis for the finding was defendant's statements to police the morning after the crime indicating that *at the time of the stabbing* he did not care what happened to the victim. Michael did not thereafter make similar statements of indifference and stressed in the statements he made that his indifference to the crimes existed *at the time they were committed.* At the sentencing hearing Michael also expressed his regret to the victim's father.

For the state to prove lack of remorse as an aggravating circumstance, it is not enough to show merely that there was no remorse at the very time the crime was being committed. Rarely does a defendant have remorse for a crime he is presently committing. Almost always remorse occurs, if at all, sometime after the commission when defendant has had an opportunity to reflect on his criminal deed. If after such time for reflection remorse does not come, and there is evidence of this fact, then lack of remorse properly may be found by the sentencing judge as an aggravating circumstance.

Here there is no evidence of any lack of remorse on Michael's part except at the very time he was committing the crime charged. This is not enough to support the aggravating circumstance of lack of remorse found by the trial court.

## III.

[4]   Defendant James Parker contends that the judge at the sentencing hearing erred in finding that the aggravating factor outweighed the three mitigating factors and in sentencing him to the maximum terms for all offenses. We disagree.

> The Fair Sentencing Act is an attempt to strike a balance between the inflexibility of a presumptive sentence which insures that punishment is commensurate with the crime, without regard to the nature of the offender; and the flexibility of permitting punishment to be adapted, when appropriate, to the particular offender. Presumptive sentences established for every felony provide certainty. Furthermore, no convicted felon may be sentenced outside the minimum/maximum statutory limits set out for the particular felony. The sentencing judge's discretion to impose a sentence within the statutory limits, but greater or lesser than the presumptive term, is carefully guarded by the requirement that he make written findings in aggravation and mitigation, which findings must be proved by a preponderance of the evidence; that is, by the greater weight of the evidence.

*State v. Ahearn,* 307 N.C. 584, 596, 300 S.E. 2d 689, 696-97. Thus a sentencing judge must justify a sentence which deviates from a presumptive term to the extent that he must make findings in aggravation and mitigation properly supported by a preponderance of the evidence. *Id.* at 597, 300 S.E. 2d at 697. In accordance with the Act a sentencing judge need not justify the weight he or she attaches to any factor. A sentencing judge properly may determine in appropriate cases that one factor in aggravation outweighs more than one factor in mitigation and vice versa. "Judges still have discretion to increase or reduce sentences from the presumptive term upon findings of aggravating or mitigating factors, the weighing of which is a matter within their sound discretion." *State v. Ahearn,* 307 N.C. at 597, 300 S.E. 2d at 697, *quoting State v. Davis,* 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661 (1982).

The balance struck by the sentencing judge in weighing the aggravating against the mitigating factors, being a matter within his discretion, will not be disturbed unless it is "manifestly unsupported by reason," *White v. White,* 312 N.C. 770, 777, 324 S.E. 2d

829, 833 (1985), or "so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E. 2d 450, 465 (1985). We will not ordinarily disturb the trial judge's weighing of aggravating and mitigating factors. When, however, there is no rational basis for the manner in which the aggravating and mitigating factors were weighed by the sentencing judge, his decision will amount to an abuse of discretion. *See State v. Brown*, 314 N.C. 588, 336 S.E. 2d 388 (1985), citing *White v. White*, 312 N.C. at 778, 324 S.E. 2d at 833.

Under the circumstances of this case we are compelled to conclude that the sentencing judge did not abuse his discretion. In examining the mitigating factors found, we note only one which weighs heavily in defendant's favor: that at the time of the offenses, he was suffering from a mental condition insufficient to constitute a defense but significantly reducing his culpability. Evidence supporting this finding was that James had an I.Q. of 57, low enough, according to defendant's expert in clinical psychology, to classify him as mentally handicapped, or retarded. The finding of limited mental capacity was the only statutory mitigating factor found in James' case.

Two nonstatutory factors were properly found in mitigation. One, that defendant suffered child abuse and neglect and was raised in an impoverished and unstable home, was supported by ample evidence of defendant's disadvantaged environment. This kind of upbringing is often but not always conducive to later criminal behavior. The second nonstatutory mitigating factor was that defendant's background did not demonstrate a habitually violent nature. While both of these factors may in this case be considered significant, they do not tilt the scales so heavily in defendant's favor that the weighing process was removed from the sentencing judge's discretion and determinable as a matter of law.

As already noted, the sentencing judge need not justify the weight accorded any factor supported by a preponderance of the evidence. The weighing process lies within his or her sound discretion, not to be overturned on appeal unless manifestly unsupported by reason. It is, after all, the sentencing judge who hears and observes the witnesses and the defendant firsthand. We have before us only the cold record. We are, therefore, reluc-

tant to overturn a sentencing judge's weighing of aggravating and mitigating factors even if, based solely on the record, we might have weighed them differently. We are not in this case willing to conclude that the weighing of the factors was manifestly unsupported by reason. We think rather that reasonable persons could differ as to how they should be weighed. We therefore find no error in the sentencing of James Parker.

Further, although the sentencing judge found only one aggravating factor in James' case, a prior conviction of attempted breaking and entering, we note, without so holding, the evidence might have supported an additional finding that the murder was heinous, atrocious or cruel. N.C.G.S. § 15A-1340.4(a)(1)f.

[5] We take this opportunity to comment on advice offered sentencing judges in *State v. Baucom*, 66 N.C. App. 298, 302, 311 S.E. 2d 73, 75 (1984); and *State v. Benfield*, 67 N.C. App. 490, 494, 313 S.E. 2d 198, 200 (1984). In those cases, the Court of Appeals said:

> [O]nly one factor in aggravation is necessary to support a sentence greater than the presumptive term. . . . [T]he trial judge may wish to exercise restraint when considering non-statutory aggravating factors after having found statutory factors. This prudent course of conduct would lessen the chance of having the case remanded for resentencing.

*Id.*

The first of the above-quoted statements about sentencing under the Fair Sentencing Act will not always be true. In some cases a single, relatively minor aggravating circumstance simply will not reasonably outweigh a number of highly significant mitigating factors. Although the balancing of aggravating and mitigating circumstances is left to the sentencing judge's discretion, this decision is not totally insulated from all meaningful appellate review.

The Court of Appeals' advice should not be read to encourage sentencing judges to take a less than forthright approach to their responsibilities under the Fair Sentencing Act out of an undue concern that their sentences will be upset on appeal. A forthright approach requires that sentencing judges find all the statutory aggravating and mitigating circumstances they conclude are sup-

ported by the evidence. We agree, as the Court of Appeals advised, that it will be prudent to exercise restraint in finding questionable nonstatutory aggravating circumstances. But if there are nonstatutory aggravating or mitigating circumstances, which are supported by the evidence, relevant to the sentencing decision and peculiar to the case in that they would not be universally applicable to all sentences,* then sentencing judges should not hesitate to find them.

For the reasons stated only Michael Parker is given a new sentencing hearing. As to James Parker we find no error. The result is

As to Michael Parker in Case Nos. 83CRS8526, 83CRS8527, 83CRS8681, remanded for a new sentencing hearing.

As to James Parker in Case Nos. 83CRS8529, 83CRS8530, 83CRS8680, no error.

Justice BILLINGS took no part in the consideration or decision of this case.

---

* *See, e.g., State v. Chatman*, 308 N.C. 169, 301 S.E. 2d 71 (1983), in which we held that the trial court erred in finding as factors in aggravation that the sentence was necessary to deter others, and that a lesser sentence would unduly depreciate the seriousness of the crime. As neither factor relates to the character or conduct of the offender, and as both presumably were considered by the legislature in establishing the presumptive term for the offense involved, neither may form the basis for increasing a presumptive term. *Id.* at 180, 301 S.E. 2d at 78.