STATE OF NORTH CAROLINA v. MICHAEL LEE PARKER

No. 362A86

(Filed 5 May 1987)

**1. Criminal Law § 138.33— mitigating factors—passive participant—not found— no error**

The trial court did not err in a second degree murder prosecution by not finding that defendant was a passive participant or played a minor role in the commission of the murder where there was evidence that defendant did not attempt to dissuade his codefendants from the crime and participated to the ex-

tent that he was a lookout, covered up blood in the road, disarmed the victim after the stabbing when the victim gained control of the knife, and left the victim to die. Prior opinions have discussed attempts to dissuade codefendants or the failure to do so as evidence to be considered in determining whether defendant was a passive participant in the crime, but it has not been made the controlling factor. N.C.G.S. § 15A-1340.4(a)(2)(c).

**2. Criminal Law § 138.14— one aggravating factor—several mitigating factors— enhanced sentence—no abuse of discretion**

The trial court did not abuse its discretion by finding that the one aggravating factor of prior convictions outweighed several mitigating factors where the convictions were for two counts of misdemeanor breaking or entering, misdemeanor larceny, and one count of damage or injury to personal property, all arising from the same episode. N.C.G.S. § 15A-1340.4(a)(1)o.

APPEAL by defendant pursuant to N.C.G.S. § 15A-1444(a1) and N.C.R. App. P. 4(d) from a life sentence imposed by *Battle, Judge,* at the 17 February 1986 Session of Superior Court, ORANGE County. This Court allowed the defendant's petition to bypass the Court of Appeals for sentences of less than life which were imposed. Heard in the Supreme Court 12 February 1987.

Defendant pled guilty on 7 February 1984 to second degree murder, first degree kidnapping, and robbery with a dangerous weapon. He was sentenced to life in prison on his murder plea. The charges of kidnapping and robbery were consolidated for sentencing and a forty year sentence was imposed to commence at the expiration of the life sentence. Defendant appealed and this Court ordered a new sentencing hearing, 315 N.C. 249, 337 S.E. 2d 497 (1985).

A resentencing hearing was held and the evidence was substantially the same as that adduced at the first hearing. The evidence was that on 7 July 1983 the defendant was riding with his brother James Parker and Mark Bethea in an automobile being driven by Edwin Williams, Jr. on Highway 15-501. Michael Parker pointed a starter's pistol, incapable of firing, at Williams. Williams was forced to drive onto a dirt road where the automobile was stopped. Thereafter James Parker and Bethea pulled Williams from the vehicle and James Parker stabbed him with a knife. Williams managed to pull the knife from his body and the defendant kicked the knife from Williams' hand. The defendant went back to Highway 15-501 to act as a lookout while James Parker and Bethea tied Williams to a tree where he subsequently

bled to death. Michael Parker returned to the scene, did not inquire about Williams, but helped James Parker and Bethea cover the blood spattered in the area.

The defendant and the other two men then drove to Chapel Hill where they visited with some friends. After a short period of time they left Chapel Hill and drove to Durham and bought beer. The defendants were dividing money taken from Williams and were planning to go to New Jersey when they were arrested before they were able to leave this state.

The court found as to the murder plea one factor in aggravation, that the defendant had prior convictions for criminal offenses punishable by more than sixty days' confinement. The court found as mitigating factors that (1) defendant was suffering from a mental condition that was insufficient to constitute a defense but reduced culpability for the offense, (2) defendant's immaturity at the time of the offense reduced culpability, (3) defendant voluntarily acknowledged wrongdoing in connection with the offense at an early stage in the criminal process, and (4) defendant comes from an economically deprived home and did not receive proper parental direction.

Judge Battle found the aggravating factor outweighed the mitigating factors and sentenced the defendant to life in prison on the murder charge, eighteen years on the armed robbery charge, and twelve years for the kidnapping. The sentence for robbery is to commence at the expiration of the sentence for murder and the sentence for kidnapping is to commence at the expiration of the sentence for robbery.

*Lacy H. Thornburg, Attorney General, by John F. Maddrey, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Leland Q. Towns, Assistant Appellate Defender, for defendant appellant.*

WEBB, Justice.

[1] The defendant first assigns error to the trial court's failure to find as a mitigating factor that he was a passive participant or played a minor role in the commission of the second degree murder. He contends that in our first decision in this case and in *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1981), this Court ig-

State v. Parker

nored the plain meaning of N.C.G.S. § 15A-1340.4(a)(2)c which provides for this mitigating factor. He argues that this Court has made the determination of this mitigating factor depend on whether the defendant attempted to dissuade his codefendant from committing the crime. He asks us to overrule *Jones* and our first opinion in this case. In *Jones* the defendant pled guilty to second degree murder. The evidence showed that he had participated in an armed robbery. After he and his codefendant were in an automobile and preparing to escape his codefendant said he would return to the store and kill the clerk because the clerk knew the codefendant. The defendant tried to persuade his codefendant not to do so and then waited in the automobile while his codefendant went inside and killed the clerk. This Court held it was error not to find as a mitigating factor that the defendant was a passive participant or played a minor role in the commission of the offense because there was uncontradicted credible evidence to support this finding.

In our first opinion in this case Chief Justice Exum, writing for the Court at 315 N.C. 254, 337 S.E. 2d 500, said that defendant did not so disassociate himself from the murder so that *Jones* controls. The defendant argues that this Court has misinterpreted N.C.G.S. § 15A-1340.4(a)(2)c by requiring that a defendant must have attempted to dissuade his codefendant from committing the crime in order to have this mitigating factor found. We do not agree with the defendant's interpretation of this rule. It is true that Chief Justice Exum said, in our first opinion for the Court, that in *Jones* the defendant implored his codefendant not to kill the clerk and that Michael Parker's failure to do so was a distinguishing fact in this case. However, neither case holds that an attempt to dissuade the codefendant from committing the crime is necessary for a finding of this mitigating factor. In *Jones* not only did the defendant implore his codefendant not to commit the murder, but he remained in the automobile while the codefendant did so. In the first opinion in this case Chief Justice Exum pointed out that in addition to the evidence that he did not attempt to dissuade his codefendants, "Michael did participate in the murder to the extent that he was a lookout, covered up blood in the road, disarmed Williams after the stabbing when Williams had gained control of the knife, and left Williams to die." *State v. Parker*, 315 N.C. at 256, 337 S.E. 2d at 501.

Although this Court in our previous opinion in this case and in *Jones* discussed the attempt to dissuade a codefendant and the failure to do so as being evidence to be considered in determining whether the defendant was a passive participant in the crime, neither case makes this the controlling factor. We hold it was not error for the court in this case not to find the defendant was a passive participant or played a minor role in the commission of the murder.

[2] The appellant next assigns error to the court's enhancing his sentence on his murder plea. He argues that based on the aggravating factor and the mitigating factors found, the decision to enhance his sentence was "manifestly unsupported by reason." The appellant contends that the one aggravating factor that the defendant had prior convictions of criminal offenses punishable by more than sixty days' confinement is based on his being convicted some time in 1983 of two counts of misdemeanor breaking or entering, misdemeanor larceny, and one count of damage or injury to personal property. He says that all of these convictions arose from the same episode and were relatively minor offenses. The defendant argues that on the other hand the mitigating factors found were substantial and were material to the defendant's culpability.

The General Assembly has determined that a conviction of a criminal offense punishable by more than sixty days' confinement shall be an aggravating factor. N.C.G.S. § 15A-1340.4(a)(1)o. If we were to hold that such a factor should be of small weight in imposing a sentence if we determined the crime for which the defendant was convicted is a minor offense we would be substituting our judgment for the judgment of the Legislature, which we cannot do. It is well established that one aggravating factor may outweigh several mitigating factors. *See State v. Penley*, 318 N.C. 30, 347 S.E. 2d 783 (1986), and our first opinion in this case. We cannot say the court abused its discretion in this case by finding the aggravating factor outweighed the mitigating factors.

The judgments of the superior court are

Affirmed.