355 S.E.2d 489 (1987)
319 N.C. 449
STATE of North Carolina
v.
Michael Lee PARKER.
No. 362A86.
Supreme Court of North Carolina.
May 5, 1987.
*490 Lacy H. Thornburg, Atty. Gen. by John F. Maddrey, Asst. Atty. Gen., Raleigh, for the State.
Malcolm Ray Hunter, Jr., Appellate Defender by Leland Q. Towns, Asst. Appellate Defender, Raleigh, for defendant-appellant.
WEBB, Justice.
The defendant first assigns error to the trial court's failure to find as a mitigating factor that he was a passive participant or played a minor role in the commission of the second degree murder. He contends that in our first decision in this case and in State v. Jones, 309 N.C. 214, 306 S.E.2d 451 (1983), this Court ignored the plain meaning of N.C.G.S. § 15A-1340.4(a)(2)c which provides for this mitigating factor. He argues that this Court has made the determination of this mitigating factor depend on whether the defendant attempted to dissuade his co-defendant from committing the crime. He asks us to overrule Jones and our first opinion in this case. In *491 Jones the defendant pled guilty to second degree murder. The evidence showed that he had participated in an armed robbery. After he and his co-defendants were in an automobile and preparing to escape his codefendant said he would return to the store and kill the clerk because the clerk knew the co-defendant. The defendant tried to persuade his co-defendant not to do so and then waited in the automobile while his co-defendant went inside and killed the clerk. This Court held it was error not to find as a mitigating factor that the defendant was a passive participant or played a minor role in the commission of the offense because there was uncontradicted credible evidence to support this finding.
In our first opinion in this case Chief Justice Exum, writing for the Court at 315 N.C. 254, 337 S.E.2d 500, said that defendant did not so disassociate himself from the murder so that Jones controls. The defendant argues that this Court has misinterpreted N.C.G.S. § 15A-1340.4(a)(2)c by requiring that a defendant must have attempted to dissuade his co-defendant from committing the crime in order to have this mitigating factor found. We do not agree with the defendant's interpretation of this rule. It is true that Chief Justice Exum said, in our first opinion for the Court, that in Jones the defendant implored his co-defendant not to kill the clerk and that Michael Parker's failure to do so was a distinguishing fact in this case. However, neither case holds that an attempt to dissuade the co-defendant from committing the crime is necessary for a finding of this mitigating factor. In Jones not only did the defendant implore his co-defendant not to commit the murder, but he remained in the automobile while the co-defendant did so. In the first opinion in this case Chief Justice Exum pointed out that in addition to the evidence that he did not attempt to dissuade his co-defendants, "Michael did participate in the murder to the extent that he was a lookout, covered up blood in the road, disarmed Williams after the stabbing when Williams had gained control of the knife, and left Williams to die." State v. Parker, 315 N.C. at 256, 337 S.E.2d at 501.
Although this Court in our previous opinion in this case and in Jones discussed the attempt to dissuade a co-defendant and the failure to do so as being evidence to be considered in determining whether the defendant was a passive participant in the crime, neither case makes this the controlling factor. We hold it was not error for the court in this case not to find the defendant was a passive participant or played a minor role in the commission of the murder.
The appellant next assigns error to the court's enhancing his sentence on his murder plea. He argues that based on the aggravating factor and the mitigating factors found, the decision to enhance his sentence was "manifestly unsupported by reason." The appellant contends that the one aggravating factor that the defendant had prior convictions of criminal offenses punishable by more than sixty days' confinement is based on his being convicted some time in 1983 of two counts of misdemeanor breaking or entering, misdemeanor larceny, and one count of damage or injury to personal property. He says that all of these convictions arose from the same episode and were relatively minor offenses. The defendant argues that on the other hand the mitigating factors found were substantial and were material to the defendant's culpability.
The General Assembly has determined that a conviction of a criminal offense punishable by more than sixty days' confinement shall be an aggravating factor. N.C. G.S. § 15A-1340.4(a)(1)o. If we were to hold that such a factor should be of small weight in imposing a sentence if we determined the crime for which the defendant was convicted is a minor offense we would be substituting our judgment for the judgment of the Legislature, which we cannot do. It is well established that one aggravating factor may outweigh several mitigating factors. See State v. Penley, 318 N.C. 30, 347 S.E.2d 783 (1986), and our first opinion in this case. We cannot say the court abused its discretion in this case by finding the aggravating factor outweighed the mitigating factors.
*492 The judgments of the superior court are
AFFIRMED.