STATE v. HOWARD

[99 N.C. App. 347 (1990)]

Reversed and remanded.

Judges WELLS and EAGLES concur.

———————————

STATE OF NORTH CAROLINA v. WALTER HOWARD

No. 8927SC794

(Filed 3 July 1990)

**Criminal Law § 1086 (NCI4th) — convictions consolidated — sentence less than maximum for most serious offense — separate findings in aggravation and mitigation not required**

Since defendant's 40 year sentence for his four consolidated convictions did not exceed the 50 year maximum sentence for the most serious offense, the trial court did not err in failing to make separate findings in aggravation and mitigation of punishment for each offense.

**Am Jur 2d, §§ 551 et seq.**

APPEAL by defendant from judgment entered 3 March 1989 by *Judge Kenneth A. Griffin* in GASTON County Superior Court. Heard in the Court of Appeals 8 May 1990.

Defendant Walter Howard and a co-defendant were found guilty in a jury trial on 12 October 1987 of first-degree burglary, assault with a deadly weapon inflicting serious injury, and two counts of robbery with a dangerous weapon. The court consolidated the cases for judgment and imposed on defendant a sentence of fifty years imprisonment. Defendant appealed, and this Court granted a new sentencing hearing.

At defendant's resentencing, the cases were again consolidated for judgment and the court imposed a forty year sentence. Defendant again appealed.

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General H. Al Cole, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant appellant.*

ARNOLD, Judge.

Defendant's sole basis for appeal is the disparity between the sentence given to his co-defendant (twenty years) and that given to him (forty years). At the original trial both defendants were found guilty of all charges, and the cases were consolidated for judgment. In its original sentencing of Mr. Howard, the court found several aggravating factors including one that defendant had a prior conviction of a criminal offense punishable by more than sixty days confinement. *See* N.C. Gen. Stat. § 15A-1340.4(a)(1)(o) (1988). This same aggravating factor was the only one found against the co-defendant. The court found no mitigating factors for Mr. Howard, but did find the co-defendant was the least culpable defendant, and that he did not have a weapon in his possession or assault or threaten any person with a weapon. On appeal, this Court ordered a new sentencing hearing for defendant in *State v. Howard*, 92 N.C. App. 245, 374 S.E.2d 494 (1988) (unpublished).

At Mr. Howard's resentencing, the cases were again consolidated for judgment and the presiding judge found one aggravating factor, that defendant had a prior criminal conviction punishable by more than sixty days. He also found as a mitigating factor that at the time of the offense Mr. Howard was suffering from a mental condition insufficient to constitute a defense but that significantly reduced his culpability, and that the condition was caused by voluntary intoxication. *See* G.S. § 15A-1340.4(a)(2)(d). The court concluded the factor in aggravation outweighed the factor in mitigation and gave defendant an active sentence of forty years.

Having consolidated all four convictions for judgment, the sentencing court did not make separate findings of fact in aggravation and mitigation for each offense. First-degree burglary, a Class C felony with a presumptive sentence of fifteen years and maximum sentence of fifty years, is the most serious of defendant's convictions. N.C. Gen. Stat. § 14-1.1(a)(3) (1986); G.S. § 15A-1340.4(f). Since defendant's forty-year sentence for the consolidated convictions does not exceed the fifty-year maximum sentence for the most serious offense, the court did not err in failing to make separate findings in aggravation and mitigation of punishment for each offense. *State v. Miller*, 316 N.C. 273, 341 S.E.2d 531 (1986).

It is well settled that the balance struck in weighing the aggravating against the mitigating factors is a matter within the sound discretion of the trial judge and will not be disturbed unless

it is "manifestly unsupported by reason," or "so arbitrary that it could not have been the result of a reasoned decision." *State v. Parker*, 315 N.C. 249, 255, 337 S.E.2d 497, 502-03 (1985) (citations omitted).

Under the facts of this case, the resentencing judge clearly did not abuse his discretion. The judge properly found one statutory aggravating factor and one statutory mitigating factor. A judge need not justify the weight accorded any factor supported by a preponderance of the evidence. *Id.* A judge may determine that one factor in aggravation outweighs one or more factors in mitigation and vice versa. *Id.* at 258, 337 S.E.2d at 502.

Affirmed.

Judges PHILLIPS and COZORT concur.