STATE OF NORTH CAROLINA v. JOHNNY RAY PARKER

No. 8818SC116

(Filed 15 November 1988)

1. **Criminal Law § 138.29— guilty plea to indecent liberties—sex offense as aggravating factor**

   The trial court could properly find as an aggravating factor for taking indecent liberties with a minor to which defendant pled guilty that defendant actually penetrated the victim's sex organ with his finger and that this was a prima facie showing of a first degree sex offense in light of their ages. N.C.G.S. § 15A-1340.4(a)(1).

2. **Criminal Law §§ 138.35, 138.42— indecent liberties—belief victim was sixteen —immaturity of defendant—findings in mitigation not required**

   The trial court was not required to find as a mitigating factor for taking indecent liberties with a minor that defendant believed the victim was sixteen years old since the evidence bearing thereon was not undisputed. Furthermore, the trial court did not abuse its discretion in failing to find that defendant's immaturity significantly reduced his culpability for the crime.

3. **Criminal Law § 138.29— aggravating factor—defendant unremorseful—insufficient evidence**

   The trial court's finding as an aggravating factor for taking indecent liberties with a minor that defendant is unremorseful was not supported by evidence that defendant laughed during the sentencing hearing while the prosecutor was reading the police report and that defendant told the court that he laughed because the statements read were mostly lies.

APPEAL by defendant from *Albright, Judge.* Judgment entered 16 November 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 September 1988.

Defendant, then sixteen years old and indicted for a first degree sexual offense, in a bargain with the State pled guilty to taking indecent liberties with a child ten years of age in violation of G.S. 14-202.1. The State's evidence tended to show that: The victim was a friend of defendant's sister and often visited in their home; on such a visit he stuck his hand under her shorts and inserted his finger into her vagina, but stopped after she told him to. After being charged defendant admitted the above to the authorities, but told the officers and testified that the victim, who was approximately 5′ 8″ tall and weighed approximately 120 pounds, initiated the encounter and told him she was sixteen years old. During the sentencing hearing while the prosecutor was reading the police report the defendant laughed, and when the court asked him what was funny he responded, "Because most of this is lies." The court cautioned him that this was a serious matter and if he laughed again he would "take a dim view of it." In sentencing defendant to a maximum term of ten years as a committed youthful offender the court found (a) as factors in aggravation that defendant actually penetrated the victim's sex organ with his finger and that this was a *prima facie* showing of first degree sex offense in light of their ages; and that "the defendant exhibited a casual, indifferent and manifestly unremorseful attitude toward the entire proceedings by laughing visibly within the view and observation of the Court, requiring a reprimand by the Court"; (b) as mitigating factors that defendant had no prior criminal record and had made a statement; and (c) that the aggravating factors outweighed the mitigating factors.

*Attorney General Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Assistant Public Defender Mathias P. Hunoval for defendant appellant.*

PHILLIPS, Judge.

Defendant's appeal questions only the process by which he was sentenced to a prison term of ten years. The errors that he contends the court made were in finding the two aggravating fac-

tors and in not finding in mitigation that (1) he reasonably believed the victim was sixteen years old and his conduct was legal and (2) his immaturity significantly reduced his culpability. The contentions concerning the aggravating factor involving penetration and the court's failure to find additional factors in mitigation clearly have no merit and can be quickly disposed of; but the contention concerning the other factor in aggravation is well founded and defendant must be resentenced.

[1] Contrary to defendant's contention, evidence of vaginal penetration was not necessary to prove the offense that he pled guilty to and was sentenced for, taking indecent liberties with a child, *see* G.S. 14-202.1; and the finding that his conduct indicated he was guilty of the greater offense charged was therefore not forbidden by G.S. 15A-1340.4(a)(1). The finding is authorized, though, by *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983), which defendant implicitly recognized by arguing not that *Melton* does not apply, but that it is fundamentally and constitutionally unfair and a deterrent to good faith plea bargaining because it permits a defendant to be punished for an offense that has been dismissed by accepting a lesser plea. Though the argument is interesting it would be fruitless for us to address it for an obvious reason.

[2] As to the two factors in mitigation that the court declined to find it is enough to say that: The court was not required to find that defendant believed the victim was sixteen years old since the evidence bearing thereon was not undisputed, *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983); whether defendant's immaturity significantly reduced his culpability was a factual question for the court to determine in its discretion after receiving the evidence and observing defendant, *State v. Moore*, 317 N.C. 275, 345 S.E. 2d 217 (1986), and no abuse is indicated.

[3] But the factor in aggravation as to defendant's lack of remorse for his crime was erroneously found. This nonstatutory factor, that a defendant after having had the opportunity to reflect on his criminal deed is without remorse for the crime committed, if supported by evidence, is authorized by *State v. Parker*, 315 N.C. 249, 337 S.E. 2d 497 (1985). The only evidence recorded in support of the court's finding that defendant is unremorseful is that during the sentencing proceeding defendant laughed while the prosecutor was reading statements elicited by the police that

were contradicted by his testimony as to how the sexual encounter started, and his statement that he laughed because the statements read were mostly lies. Thus, the only support for the court's finding that defendant had no remorse is the laugh itself and defendant's statement that he laughed for another reason. While this evidence warrants the reprimand that the court administered it does not support the court's conclusion that the defendant was without remorse; the only finding that it could support is that he laughed because some of the statements were false. If he did not laugh for that reason, why he laughed is entirely speculative so far as the evidence shows. Some of the many possibilities are that he laughed out of mere nervousness or meanness, or because he was an immature adolescent in the toils of the law for the first time, or because he had no remorse for his crime. One thing that is not speculative, though, but known to everyone that has spent much time in court is that defendants and other witnesses often laugh or smile at being contradicted.

The judgment sentencing defendant is vacated and the case is remanded to the Superior Court for resentencing.

Vacated and remanded.

Judges EAGLES and PARKER concur.