STATE OF NORTH CAROLINA v. HENRY TURNER

No. 9017SC474

(Filed 2 July 1991)

1. **Criminal Law § 1099 (NCI4th)— attempted sexual offense and indecent liberties—penetration as aggravating factor**

   It is not a violation of a defendant's due process rights to consider as an aggravating factor an element of a greater charge dropped in exchange for a plea bargain for a lesser included offense. Therefore, defendant's due process rights were not violated by the trial court's finding as an aggravating factor for attempted first degree sexual offense and attempted indecent liberties with a child to which defendant pled guilty that there was vaginal penetration by defendant.

   **Am Jur 2d, Assault and Battery § 55; Criminal Law §§ 598, 599.**

2. **Criminal Law § 1099 (NCI4th)— aggravating factor—penetration—sufficiency of evidence**

   The trial court's finding as an aggravating factor for attempted sexual offense and attempted indecent liberties that there was vaginal penetration by defendant was supported by a preponderance of the evidence where defendant stipulated to the admission of an exhibit offered to show that there was some penetration; there was evidence that the victim told the police that there was vaginal penetration; and a codefendant testified that defendant "put his penis in her private spot."

   **Am Jur 2d, Assault and Battery § 55; Criminal Law §§ 598, 599.**

3. **Criminal Law § 1166 (NCI4th)— aggravating factor—low I.Q. and development range**

   The evidence supported the trial court's finding as an aggravating factor for attempted sexual offense and attempted indecent liberties that the twelve-year-old victim was especially vulnerable in that she had an I.Q. in the mildly handicapped range and her development age was six years and two months where it tended to show that defendant went to a party given by a person who was baby-sitting the victim; defendant had seen the victim on previous occasions at her mother's store and knew who she was; defendant had the opportunity to observe the victim all evening during the party; defendant observed the victim's behavior while two codefendants were sexually assaulting her and joined in the offense only at their encouragement; and the State introduced a psychoeducational evaluation of the victim conducted nine months after the assault which established that the victim had a developmental age of six years and two months, that her I.Q. fell in the moderately handicapped range and that her comprehension and expressive skills were quite low.

   **Am Jur 2d, Assault and Battery § 55; Criminal Law §§ 598, 599.**

4. **Criminal Law § 1187 (NCI4th)— aggravating factor—prior conviction—failure to raise lack of counsel issue**

   The burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defend-

STATE v. TURNER

[103 N.C. App. 331 (1991)]

ant, and where defendant failed to object or move to suppress the evidence of a prior conviction, he is precluded from raising on appeal the issue of his indigency and lack of counsel.

**Am Jur 2d, Criminal Law §§ 598, 599; Habitual Criminals and Subsequent Offenders § 9.**

5. **Criminal Law § 1218 (NCI4th)— mitigating factor—passive participant—finding not required**

The trial court did not err in failing to find as a mitigating factor for an attempted sexual offense that defendant was a passive participant where defendant did not object to sexual assaults on the victim by the two codefendants and attempted to have sex with the victim at the encouragement of one codefendant.

**Am Jur 2d, Criminal Law §§ 598, 599.**

6. **Criminal Law § 1267 (NCI4th)— mitigating factor—good character—finding not required**

The trial court did not err in failing to find as a mitigating factor that defendant is of good character where the record established, at best, only an absence of bad character.

**Am Jur 2d, Criminal Law §§ 598, 599.**

7. **Criminal Law § 1086 (NCI4th)— two offenses—consolidated judgment—aggravating and mitigating factors—absence of findings for each offense**

Where offenses of attempted first degree sexual offense and attempted indecent liberties with a child were consolidated for judgment, and the sentence imposed did not exceed the maximum sentence allowable for the more serious felony, defendant was not prejudiced by the trial court's failure to make separate findings of aggravating and mitigating factors for each offense.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from judgment entered 13 December 1989 in CASWELL County Superior Court by *Judge Melzer A. Morgan, Jr.* Heard in the Court of Appeals 15 January 1991.

STATE v. TURNER

[103 N.C. App. 331 (1991)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angelina M. Maletto, for the State.*

*Wayne E. Crumwell for defendant-appellant.*

WYNN, Judge.

From a judgment imposing an eighteen-year sentence following his plea of guilty and conviction of attempted first degree sexual offense and attempted indecent liberties with a child, defendant appeals. For the reasons that follow, we find no error.

I

At the sentencing hearing, the State presented evidence which tended to show that on 18 February 1989, the defendant along with Chuckie Stump ("Stump") and David Hicks ("Hicks") went to a house party given by Chuckie's sister, Rhonda Stump. During the course of the evening, two minor children, the twelve-year-old prosecutrix and her seven-year-old sister, were left at the residence by their mother to be cared for by Rhonda Stump while their mother was working. Later that night after the party had ended, the three men were allowed to sleep in the living room along with the victim while Rhonda Stump slept with her boyfriend and the younger child in the only bedroom in the house. On being left alone with the victim, two of the men engaged in sexual activities including intercourse with her starting with Stump and followed by Hicks. After encouragement by his two companions, the defendant tried to have sex with the prosecutrix but stopped when she started crying. Testimony from Hicks established that the defendant penetrated the victim prior to stopping.

Defendant admitted that he attempted to have sex with the victim but denied that he penetrated her.

Evidence was also presented that the victim had an I.Q. in the mildly handicapped range and a developmental age of six years and two months. The prosecuting witness did not testify.

The pleas were consolidated for judgment and defendant was sentenced to eighteen years imprisonment.

II

The defendant assigns error primarily to the trial judge's findings of factors in aggravation and mitigation at his sentencing

hearing. With respect to such factors, the state has the burden of proving that aggravating factors exist, and the defendant has the burden of proving that mitigating factors exist; proof of aggravating and mitigating factors must be by a preponderance of the evidence, and it must be shown that such factors are reasonably related to the purposes of sentencing. N.C. Gen. Stat. § 15A-1340.4(a) (1988); *State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988). Having established what must be proven, we turn to the assignments of error with respect to factors in aggravation in this case.

[1] By his first assignment of error, defendant contends that the trial judge erred by finding as an aggravating factor that there was vaginal penetration by defendant. He makes two contentions: 1) that the trial court's finding of a factor in aggravation based on evidence of the crime of first degree rape was improper in that it was not the charge to which defendant pled guilty and allowing it as an aggravating factor violated his due process rights, and 2) the evidence of vaginal penetration is suspect in that the State did not prove it by a preponderance of the evidence.

With respect to defendant's first contention, the issue is controlled by *State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983), wherein our Supreme Court held that it is not a violation of defendant's constitutional due process rights to consider as an aggravating factor an element of a greater charge dropped in exchange for a plea bargain for a lesser included offense where the dismissed charge is not used in aggravation. *Accord State v. Parker*, 92 N.C. App. 102, 373 S.E.2d 558 (1988), *disc. review denied*, 324 N.C. 250, 377 S.E.2d 760 (1989). Thus, defendant's first contention is without merit.

[2] As to defendant's second contention, at trial, defendant stipulated to the introduction of State's Exhibit 2 which was offered to show that there was evidence to justify the original charge of first degree rape and that there was some penetration. Having made that stipulation, defendant cannot be heard to complain on appeal. Further, the victim told the police that there was vaginal penetration and David Hicks testified that the defendant had "put his penis in her private spot." Based upon those facts, we find that there was proof by a preponderance of the evidence that vaginal penetration occurred and therefore, this assignment of error is without merit.

**[3]** Defendant's next assignment of error is to the trial judge's finding as an aggravating factor that the victim was especially vulnerable in that she had an I.Q. in the mildly handicapped range (45-60) and that her development age was 6 years and 2 months. He contends that several witnesses described Patricia Baker as appearing like any normal 12 year old and that in the report which discusses her I.Q. and developmental age, it is stated that her "attitude and behavior in the classroom are excellent." These contentions are unavailing.

First, the defendant fails to cite any authority in support of his argument as required by N.C. R. App. P. 28(b)(5) (1990). Failure to comply with that rule subjects the assignments of error to abandonment. *S.J. Groves & Sons & Co. v. State*, 50 N.C. App. 1, 273 S.E.2d 465 (1980), *disc. review. denied*, 302 N.C. 396, 279 S.E.2d 353 (1981). However, we will suspend the operation of Rule 28(b)(5) and consider this assignment of error pursuant to our authority under N.C. R. App. P. 2 (1990).

Second, our Supreme Court has held that a trial judge can use an aggravating factor not set forth in N.C. Gen. Stat. § 15A-1340.4(a)(1), as long as the judge finds that factor by a preponderance of the evidence and as long as the factor reasonably relates to the purposes of sentencing. *State v. Thompson*, 310 N.C. 209, 311 S.E.2d 866 (1984), *rev'd on other grounds*, 321 N.C. 570, 364 S.E.2d 73 (1984). Moreover, a finding in aggravation that the victim was particularly vulnerable is proper where the defendant takes advantage of the victim's vulnerability during the actual commission of the crime. *State v. Thompson*, 318 N.C. 395, 348 S.E.2d 798 (1986).

In the case at bar, the defendant testified that he knew that Rhonda Stump was baby-sitting for the victim and that he had seen the victim on previous occasions at her mother's store and knew who she was. The facts also show that the defendant had the opportunity to observe the victim at Rhonda Stump's apartment all that evening. The statements of co-defendant Hicks, corroborated by defendant's statements, establish that the defendant was not the first of the three men to assault the victim; he had the opportunity to observe her behavior while either Hicks or Stump was sexually assaulting her and joined in the offense only at their encouragement. Further, the State produced a psychoeducational evaluation of the victim conducted nine months after the assault

which established that the victim had a developmental age of six years and two months, that her I.Q. fell in the moderately handicapped range and that her comprehension and expressive skills were clearly quite low. This evidence was sufficient for the trial judge to find by a preponderance that the victim was particularly vulnerable.

[4] The final aggravating factor to which defendant assigns error is to the finding of a prior conviction for purposes of aggravating his sentence. He contends that the state must make an adequate showing as to whether the defendant was indigent or had counsel at the time of the offense which is being offered to support the aggravating factor of a past conviction.

Defendant's statement of the law is correct as set forth in *State v. Thompson*, 309 N.C. 421, 307 S.E.2d 156 (1983), but the burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defendant. *Id.* Here, the defendant failed to object or move to suppress the evidence of the prior conviction because of his indigency and lack of counsel. "Where a defendant stands silent and, without objection or motion, allows the introduction of evidence of a prior conviction, he deprives the trial division of the opportunity to pass on the constitutional question and is properly precluded from raising the issue on appeal." *Id.* at 426, 307 S.E.2d at 160; *see also* N.C. Gen. Stat. § 15A-980 (1988). Since the defendant neither objected nor moved to suppress the evidence of the prior conviction, he is precluded from raising the issue of his indigency and lack of counsel on appeal. This assignment of error is overruled.

III

We turn now to defendant's assignments of error with respect to factors in mitigation. The trial judge found as mitigating factors that defendant aided in the apprehension of another felon; that he voluntarily acknowledged wrongdoing at an early stage; and that he agreed to testify against his co-defendants (a non-statutory mitigating factor).

[5] Defendant assigns error to the trial judge's failure to find that he was a passive participant. He contends that because his role in the offense was minor, the trial judge should have found that he was a passive participant to diminish his culpability.

In support of his contention that he was a passive participant, defendant cites *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983). While *Jones* is instructive on this issue, it does not support defendant's argument. In *Jones*, the defendant tried to persuade a co-defendant not to shoot a convenience store clerk after they had robbed the store. In the case at bar, defendant did not object to the actions of Hicks and Chuckie Stump; he did not attempt to persuade them to stop and, in fact, he attempted to have sex with the victim at Hicks's encouragement. We find no error in the trial judge's refusal to find that the defendant was a passive participant. This assignment of error is overruled.

[6] Defendant next assigns as error the trial judge's refusal to find as a mitigating factor that defendant is of good character. He contends that the record taken in its entirety provides, by a preponderance of the evidence, that he is a person of good character. When a defendant argues that the trial judge erred in failing to find a mitigating factor, proved by uncontradicted evidence, he is "asking the court to conclude that 'the evidence so clearly establishes that fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.'" *Id.* at 219-20, 306 S.E.2d at 455 (citations omitted). Here, the defendant has not cited any evidence that is manifestly credible. He has thereby failed to carry his burden of proof on appeal. Further, the record establishes, at best, that there is an absence of bad character. The absence of bad character does not establish good character. *State v. Benbow*, 309 N.C. 538, 308 S.E.2d 647 (1983). We find no merit to defendant's assignment of error and therefore it is overruled.

IV

[7] Finally, defendant assigns error to the trial judge's failure to make separate findings of aggravating and mitigating factors for each offense. He also assigns error to the trial judge's finding that the aggravating factors outweighed the mitigating factors in sentencing defendant to a term beyond the presumptive term for the offenses to which he pled guilty.

With respect to defendant's contention that the trial judge should have found factors in aggravation and mitigation for each separate offense, we find that *State v. Miller*, 316 N.C. 273, 341 S.E.2d 531 (1986), is controlling. In *Miller*, the Supreme Court held:

STATE v. TURNER

[103 N.C. App. 331 (1991)]

> When cases are consolidated for judgment and the judge finds aggravating and mitigating factors as to the most serious offense, but fails to make such findings as to the lesser offenses consolidated, the defendant is not prejudiced so long as the sentence given does not exceed the maximum sentence permissible for the most serious offense.

316 N.C. at 284, 341 S.E.2d at 537.

In the case at bar, the maximum sentence allowable for the more serious felony, attempted first degree sexual offense is twenty years, a period in excess of the 18 years received by the defendant. The defendant benefited from his plea bargain by having his convictions consolidated for judgment and receiving a sentence less than the 20 years allowed for the more serious offense; he is not entitled to an additional benefit of separate findings as to the lesser of the consolidated offenses.

With respect to defendant's assignment of error to the trial judge's finding that the factors in aggravation outweighed the factors in mitigation, this court has held that the weight given to each factor and the decision to increase or decrease the presumptive sentence is within the sound discretion of the trial judge. *State v. Davis*, 58 N.C. App. 330, 333, 293 S.E.2d 658, 661 (1982), *disc. review denied*, 306 N.C. 745, 295 S.E.2d 482. "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Ahearn*, 307 N.C. 584, 598, 300 S.E.2d 689, 697 (1983) (citations omitted).

In the case at bar, defendant cites no authority to substantiate any claim of error. Nor has he shown that the trial judge abused his discretion. Accordingly, we find that the trial judge committed no error in sentencing defendant beyond the presumptive term.

V

For the foregoing reasons, in the decision of the trial judge at the sentencing hearing we find,

No error.

Judge EAGLES concurs.

Judge PHILLIPS concurs in the result.