STATE OF NORTH CAROLINA v. ROBERT LEE THACKER

No. 7310SC255

(Filed 27 June 1973)

1. Criminal Law § 66— identification of defendant in hospital emergency room — in-court identification of defendant — independent origins

In a prosecution charging defendant with assault with a deadly weapon with intent to kill inflicting serious injury, an in-court identification of defendant by his victims was not tainted by confrontations between the victims and defendant in hospital emergency rooms where the victims were receiving treatment and to which the police took defendant upon his apprehension shortly after commission of the alleged offense.

2. Assault and Battery § 17— assault with deadly weapon with intent to kill — sufficiency of verdict

Though the court in a prosecution charging defendant with assault with a deadly weapon with intent to kill inflicting serious injury charged the jury that it might return a verdict of guilty as charged, guilty of assault with a deadly weapon *per se* inflicting serious injury or not guilty, the verdict of "guilty as charged in the bill of indictment" was sufficiently specific.

APPEAL by defendant from *Godwin, Special Judge,* 30 October 1972 Session of WAKE County Superior Court.

Defendant was tried upon a bill of indictment charging assault upon Brenda Gail Waddell with a deadly weapon with intent to kill inflicting serious injury. At trial defendant entered a plea of not guilty through his court-appointed counsel. The jury returned a verdict of guilty, and from a judgment impos-

ing an active sentence of not less than nine nor more than ten years, defendant appealed.

*Attorney General Morgan, by Associate Attorney Haskell, for the State.*

*Boyce, Mitchell, Burns and Smith, by Robert E. Smith, for defendant appellant.*

MORRIS, Judge.

[1]  At trial and before the presentation of any evidence, defendant, through counsel, advised the court that defendant anticipated that the State would offer in evidence testimony of Miss Brenda Gail Waddell and Swain Pierce to identify defendant as Miss Waddell's assailant, and that it was the contention of the defendant that any in-court identification of the defendant by either Miss Waddell or Mr. Pierce would be tainted by an unlawful viewing for identification of the defendant by Miss Waddell and Mr. Pierce at Wake Memorial Hospital on 10 March 1971. Upon defendant's motion to suppress such testimony, a voir dire was conducted by the court. Evidence was presented by the State which tended to show the following:

On 10 March 1971 at approximately 7:40 a.m., Miss Brenda Gail Waddell, an employee of the Farmers Co-operative Exchange (FCX) arrived for work at the offices of that concern located on East Davie Street, Raleigh, N. C. Shortly thereafter, she heard a knock at a side door and upon opening the door found herself facing the defendant. The defendant inquired as to whether this was the Triangle Glass Company and upon learning from Miss Waddell that he was at the FCX, defendant asked if he could use a telephone. He was directed to a phone by Miss Waddell and while at the phone defendant told Miss Waddell that there was someone at the back door. Miss Waddell went to open the door and upon finding no one there, she turned around and found that defendant had followed her. She partially turned her back to defendant to permit him to leave through the door and when she did, defendant grabbed her from the rear and put his hand around her neck. A struggle ensued and upon observing a knife in defendant's hand, Miss Waddell grabbed the blade with her left hand and sustained a cut to one of her fingers. Miss Waddell was then stabbed in the upper right arm and abdomen by defendant, who then released her from his grip and fled. Another FCX employee, Swain Pierce, emerg-

ing from a rest room on the premises, observed defendant approximately 15 to 25 feet away running toward an alley that ran through the parking area. At approximately the same time Pierce observed Miss Waddell as she opened the office door and screamed for help. Defendant then grabbed Pierce, stabbed him in his left side and ran away. Both Miss Waddell and Mr. Pierce were carried to Wake Memorial Hospital for emergency treatment, and it was then that Miss Waddell gave police officers a description of defendant as the man who attacked her. In the meantime defendant had been apprehended by police officers for breaking and entering as a result of falling through a skylight in a building near the FCX, and he was brought before Miss Waddell in the emergency room where she identified him as her assailant. Defendant was also identified by Mr. Pierce who was unaware of Miss Waddell's prior identification. Both witnesses had ample opportunity to observe defendant on the FCX premises and both testified on voir dire that their identification of defendant in court was in no way influenced by their identification of defendant at the hospital but based solely on observations at the FCX.

Following the voir dire the trial judge made findings of fact which in substance are in accord with the evidence summarized above and in overruling defendant's motion to suppress concluded as a matter of law that any in-court identification of defendant by Mr. Pierce or Miss Waddell was in no way tainted or influenced by their respective observations of defendant at the Wake Memorial Hospital emergency room on 10 March 1971.

Defendant was tried earlier for the same offense. On appeal, he was granted a new trial. State v. Thacker, 281 N.C. 447, 189 S.E. 2d 145 (1972). We note the following language by Justice Huskins in that case:

". . . At the next trial, upon objection, the origin of the in-court identification of defendant by each victim should be determined by the trial court on a voir dire examination with appropriate findings of fact and conclusions based thereon. The present record contains no such findings.

In light of the foregoing facts, we do not decide whether defendant's constitutional rights were violated at the hospital emergency room confrontation. At the time of that confrontation it should be noted that both victims had been

stabbed and their chance of survival was uncertain and unknown. Defendant had been immediately apprehended under circumstances strongly indicating guilt. The need for immediate action was apparent, and the police followed the most, and perhaps the only, feasible procedure when they took defendant to the hospital emergency room for immediate identification or exoneration. Under these circumstances defendant's claimed violation of due process by a 'one-man lineup' and his claimed violation of Sixth Amendment rights to counsel at that confrontation are arguable matters, *Stovall v. Denno*, 388 U.S. 293, 18 L.Ed. 2d 1199, 87 S.Ct. 1967 (1967) ; *State v. McNeil*, 277 N.C. 162, 176 S.E. 2d 732 (1970), and resolution of them is not necessary to a decision in these cases." 281 N.C. at 458.

In the case *sub judice*, the trial judge conducted a voir dire examination and entered findings of fact and conclusions of law thereon in compliance with the requirements set forth in *State v. Accor* and *State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970), and these findings of fact are conclusive, when, as here, they are supported by competent evidence. *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1 (1966).

[2]  Defendant also contends that the trial court erred in denying his motion to arrest judgment on grounds that the jury verdict was ambiguous. The trial judge instructed the jury that they could return a verdict of (1) guilty as charged, (2) guilty of assault with a deadly weapon per se inflicting serious injury, and (3) not guilty, and defendant contends that since the trial judge instructed the jury as to a lessor offense the verdict returned by them, "guilty as charged in the bill of indictment," was not sufficiently specific. We do not agree.

Defendant relies on *State v. Talbert*, 282 N.C. 718, 194 S.E. 2d 822 (1973). That case, however, is inapposite. Here the jury's verdict was completely free of any ambiguity.

No error.

Judges BROCK and VAUGHN concur.