STATE OF NORTH CAROLINA v. GEORGE DANIELS

No. 318A86

(Filed 5 May 1987)

**Criminal Law § 138.14— finding that one aggravating factor outweighed seven mitigating factors—no abuse of discretion**

In sentencing defendant for second degree murder, the trial court did not abuse its discretion in finding that the single aggravating factor that defendant shot the victim with premeditation and deliberation and with specific intent to kill outweighed the seven mitigating factors found by the court.

DEFENDANT appeals as of right under N.C.G.S. § 15A-1444(a1) and N.C.R. App. P. 4(d) from a life sentence imposed pursuant to a plea of guilty of second-degree murder at the 9 December 1986 Criminal Session of the Superior Court, ROCKINGHAM County, *Judge Anthony Brannon* presiding. Heard in the Supreme Court on 14 April 1987.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Assistant Attorney General, for the State.*

*Daniel K. Bailey for defendant-appellant.*

MEYER, Justice.

The sole issue presented on this appeal is whether the trial judge abused his discretion in weighing the aggravating and mitigating factors in arriving at his sentencing decision. We find no abuse of discretion and affirm the trial court's judgment.

Pearline Hairston was shot and killed on the afternoon of 24 July 1985 as she worked at City Dry Cleaners in the Town of Draper. A witness to the incident testified that defendant, an employee of the cleaners and a co-worker of decedent, entered the cleaners at about 3:00 p.m., walked quickly to the decedent, pointed a pistol at her head, and fired. After the victim fell to the floor, defendant pointed the pistol at the onlookers, threatening them, and then ran out of the door.

Defendant was taken into custody shortly thereafter, and gave a statement to the police admitting the shooting. Ms. Hairston died from the gunshot wound. There was evidence that the defendant had previously threatened to kill the decedent and had gone home from work on the day of the killing to get his pistol.

Defendant pled guilty to second-degree murder. A sentencing hearing was held pursuant to N.C.G.S. § 15A-1340. At this hearing, both the State and the defendant presented evidence. The evidence for the defendant concerned his past mental problems, including testimony from Dr. Barry Blumenthal that defendant was suffering from psychotic schizophrenia at the time of the killing and may have been incapable of premeditation and deliberation at the time. There was also testimony concerning defendant's good work habits, friendliness, and lack of previous criminal conduct.

The State presented evidence to rebut Dr. Blumenthal's testimony. Dr. James Groce, a staff psychiatrist at Dorothea Dix Hospital, testified that in his opinion defendant was not legally insane on the day of the shooting. He found there to be insufficient data to support Dr. Blumenthal's diagnosis of schizophrenia.

At the close of all the evidence, the trial court found as statutory mitigating factors that the defendant had no criminal record, that the defendant committed the offense while under threat that was insufficient to constitute a defense but significantly reduced his culpability, that the defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced his culpability, that the defendant's limited mental capacity at the time of the offense significantly reduced his culpability for the offense, that the defendant had been a person of good character or has had a good reputation in his community, and that the defendant acknowledged his wrongdoing at an early stage. The court also found the nonstatutory mitigating factor that the defendant was a good worker and provider for his family. The judge found as a nonstatutory aggravating factor that defendant shot Ms. Hairston with premeditation and deliberation and with specific intent to kill. The trial court found that the aggravating factor outweighed the mitigating factors, and sentenced the defendant to life imprisonment. Defendant assigns this weighing as error.

We have repeatedly held that a trial judge's weighing of mitigating and aggravating factors will not be disturbed absent a showing that the judge abused his discretion.

Upon a finding by the preponderance of the evidence that aggravating factors outweigh mitigating factors, the question of whether to increase the sentence above the presumptive term, and if so, to what extent, remains within the trial judge's discretion.

The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. The court may very properly emphasize one factor more than another in a particular case. The balance struck by the trial judge will not be disturbed if there is support in the record for his determination.

*State v. Melton*, 307 N.C. 370, 380, 298 S.E. 2d 673, 680 (1983) (citations omitted).

In *State v. Parker*, 315 N.C. 249, 337 S.E. 2d 497 (1985), one of the issues raised on appeal was whether the trial court erred by concluding that one factor in aggravation outweighed three factors in mitigation. Rejecting the contention, this Court noted, "a sentencing judge properly may determine in appropriate cases that one factor in aggravation outweighs more than one factor in mitigation and vice versa." *Id.* at 258, 337 S.E. 2d at 502. *See also State v. Hinnant*, 65 N.C. App. 130, 308 S.E. 2d 732 (1983), *cert. denied*, 310 N.C. 310, 312 S.E. 2d 653 (1984) (trial court's determination that one aggravating factor outweighed two mitigating factors found to be proper).

In this case, defendant points only to the seven mitigating factors found by the judge and argues that the single aggravating factor could not outweigh them. He has not shown, nor have we found, any abuse of discretion. We therefore affirm the trial court's judgment.

Affirmed.