STATE OF NORTH CAROLINA v. KAREN BEST WEARY

No. COA96-199

(Filed 17 December 1996)

1. **Corporations § 107 (NCI4th)— corporate malfeasance— independent contractor—corporate employer's agent**

The trial court properly denied defendant's motion to dismiss the charge of corporate malfeasance where defendant, a phlebotomist and independent contractor, was acting as her corporate employer's agent. Defendant's employer contracted with the Mecklenburg County Child Support Enforcement Agency to provide phlebotomy services. Regardless of what her official title might have been the defendant, a four-year employee, was sent to the Agency's headquarters on behalf of the corporation. N.C.G.S. § 14-254.

**Am Jur 2d, Corporations §§ 43, 2135.**

**Liability of corporate directors for negligence in permitting mismanagement or defalcations by officers or employees. 25 ALR3d 941.**

**STATE v. WEARY**

[124 N.C. App. 754 (1996)]

Admissibility and probative value of admissions of fault by agent on issues of principal's secondary liability, where both are sued. 27 ALR3d 966.

2. **Corporations § 107 (NCI4th)— corporate malfeasance— sufficiency of the evidence—client entry authorization form—false certification**

The trial court properly denied defendant phlebotomist's motion to dismiss the charge of corporate malfeasance where defendant made an entry on a Client Authorization Form for a putative father which falsely certified that the person in the photograph and whose thumb print was affixed to the form was in fact the person from whom she drew blood. It was more than reasonable to infer that defendant's entry on the form was made with (1) the intent to deceive her employer into believing that the blood was taken from the putative father and (2) the intent to injure and defraud the mother of the child support due from the putative father.

**Am Jur 2d, Corporations §§ 43, 1896; Fraud and Deceit §§ 424, 446.**

**Liability of corporate directors for negligence in permitting mismanagement or defalcations by officers or employees. 25 ALR3d 941.**

3. **Appeal & Error § 362 (NCI4th)— failure to include findings in record on appeal—aggravating factors**

The Court of Appeals dismissed defendant's objection to the trial court's finding as a factor in aggravation that defendant took advantage of a position of trust or confidence to commit the offense where she failed to include Form AOC-CR-303, Felony Judgment Findings of Factors in Aggravation and Mitigation of Punishment, in the record on appeal.

**Am Jur 2d, Criminal Law § 598; Fraud and Deceit § 81.**

4. **Criminal Law § 1164 (NCI4th Rev.)— sufficient evidence— aggravating factor—inducement of others—putative father—blood test—sufficiency of evidence**

There was sufficient evidence to support the trial court's finding that defendant induced others to participate in the commission of the charged offenses where defendant, a phlebotomist, induced a putative father, who was under a court order

to submit to a blood test to determine paternity, to participate in a scheme to defraud the mother of his child; defendant procured blood from another male, who was unaware of defendant's fraudulent scheme; and defendant substituted the procured blood for the blood of the father.

**Am Jur 2d, Criminal Law § 598.**

Appeal by Defendant from Judgment entered 30 June 1995 by Judge Shirley L. Fulton in Mecklenburg County Superior Court. Heard in the Court of Appeals 29 October 1996.

*Michael F. Easley, Attorney General, by Newton G. Pritchett, Jr., Assistant Attorney General, for the State.*

*Marshall A. Swann for defendant.*

WYNN, Judge.

The State charged defendant Karen Best Weary with obtaining property by false pretense and corporate malfeasance. At her trial, the evidence tended to show the following:

Defendant performed phlebotomy services as an independent contractor for Genetic Design, Inc., from 1989 through 1993. In September 1990, Genetic Design sent her to the Mecklenburg County Child Support Enforcement Agency to draw blood from Larry Melton, a putative father under court order to submit to a blood test to determine whether he was the father of a child born to Sheila Fleming. While preparing him for the procedure, defendant suggested to Melton that she could prevent him from being found as the father in exchange for $500. Melton agreed and defendant left the agency without drawing his blood.

Instead, defendant approached two young black males on the street and paid one of them $30 for three vials of his blood. She then wrote Melton's name on all three vials of blood and sealed them in a specimen kit along with a Client Authorization Form signed by Melton. This form contained Melton's vital information and defendant's certification that Melton was the person from whom she drew the blood. Defendant delivered the kit to Genetic Design. The blood specimens that were purported to be Melton's were tested and excluded him as the father. However, upon retesting in 1993, Melton was statistically determined to be the father of Ms. Fleming's child.

Defendant was charged with obtaining property by false pretense and corporate malfeasance in violation of N.C. Gen. Stat. § 14-254 (1993) in that she "did unlawfully, wilfully, and feloniously as the agent and contract employee of a corporation, Genetic Design, Inc., make a false entry in a report of the corporation . . . to-wit: a Client Authorization Form, with the intent to injure, defraud and deceive a person, to-wit: Sheila Fleming and Genetic Design, Inc." Contrary to her pleas, a jury returned verdicts of guilty as charged. After consolidating the offenses for judgment and finding that the aggravating factors outweighed the sole mitigating factor, the court suspended a ten year sentence given to defendant and placed her on five years supervised probation to commence after she served a term of six months. Defendant appeals.

I.

**[1]** Defendant first assigns error to the trial court's denial of her motion to. dismiss the charge of corporate malfeasance on the grounds that the State failed to meet its burden of proving that (1) she was an "agent" of Genetic Design and (2) she intended to injure, defraud or deceive Ms. Fleming or Genetic Design. We disagree on both counts.

We note at the outset that a motion to dismiss requires the trial court to consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference which can be drawn from the evidence. *State v. Brown,* 315 N.C. 40, 58, 337 S.E.2d 808, 827 (1985).

Defendant contends that since she was hired as an "independent contractor," she was not an "agent" of Genetic Design as contemplated by N.C.G.S. § 14-254. We disagree. An agent is defined as one who acts for or in place of another by authority of such other. *Trust Co. v. Creasy,* 301 N.C. 44, 56, 269 S.E.2d 117, 124 (1980). In the instant case, defendant had an employment contract with Genetic Design that included a salary, a traveling allowance and a description of her duties as a phlebotomist. She worked for the corporation for approximately four years. Furthermore, Genetic Design had a contract with Mecklenburg County Child Support Enforcement Agency to perform phlebotomy services and it sent defendant to the agency's headquarters on its behalf. On these facts, defendant clearly was acting as the corporation's "agent," regardless of what her official title might have been.

**[2]** Defendant's next contention is that there was insufficient evidence to show that her false entry on the Client Authorization Form was intended to injure, defraud or deceive any person. We again disagree with the defendant.

Direct proof of fraudulent intent is not necessary, it being sufficient if facts and circumstances are shown from which it may be inferred. *State v. McLean*, 209 N.C. 38, 40, 182 S.E. 700, 702 (1935). In the instant case, defendant's signature on the Client Authorization Form was her certification that the person in the photograph and whose thumb print was affixed to the form was in fact the person from whom she drew blood. It was more than reasonable to infer that defendant's entry on the form was made with (1) the intent to deceive Genetic Design into believing that the blood was taken from Larry Melton and (2) the intent to injure and defraud Sheila Fleming out of the child support due from Melton. Thus, we conclude that the trial court properly denied defendant's motion to dismiss the charge of corporate malfeasance.

II.

**[3]** Defendant next objects to the trial court's finding as factors in aggravation that she (1) took advantage of a position of trust or confidence to commit the offense and (2) induced others to participate in the commission of one or both of the charged offenses. We note at the outset that defendant failed to include Form AOC-CR-303, Felony Judgment Findings of Factors in Aggravation and Mitigation of Punishment, in the record on appeal. This is significant because the State notes in its brief that the record is unclear as to whether the trial court actually found that defendant took advantage of a position of trust or instead that she was hired to commit the crimes. Therefore, we dismiss defendant's first objection for failure to include a necessary part of the record on appeal. *See* N.C.R. App. P. 9(a)(3)(g); *State v. McMillian*, 101 N.C. App. 425, 399 S.E.2d 410, *disc. review denied*, 328 N.C. 335, 402 S.E.2d 842 (1991). However, we will address defendant's final assignment of error because the parties have stipulated that the trial court did find as a factor in aggravation that she induced others to participate in the commission of her crimes.

**[4]** At the sentencing hearing, the State's evidence indicated that it relied on the theory that defendant had induced <u>Melton</u> to participate in the commission of the crimes. Defendant, however, notes that the trial court stated the following: "I find as aggravating factors that you

induced others to participate in the commission of the crimes, specif-
ically the two young men from whom you secured the blood to sub-
mit." Defendant contends that the trial court's finding that she
induced the young male to participate in the crime was in error
because there was no evidence that the young man was aware of the
intended use of the blood that he donated. For the following reason,
we conclude that defendant's claim is without merit.

In *State v. Lattimore*, 310 N.C. 295, 311 S.E.2d 876 (1984), the
defendant was convicted of attempted armed robbery. His codefen-
dant, McNeair, pled guilty to accessory after the fact of the robbery.
The defendant appealed the trial court's finding that he induced his
codefendant to participate in the commission of the crime. He argued
that by accepting McNeair's plea to accessory after the fact, the State
had conceded that McNeair "was not involved in the actual commis-
sion of the offenses and was not aware of the commission of the
crimes until after they had occurred." *Id.* at 299, 311 S.E.2d at 879.
Our Supreme Court held that defendant's contention placed the
emphasis on the wrong party: "The focus . . . is not on the role of the
'participants' in the crime, but on the role of the defendant in induc-
ing others to participate or in assuming a role of leadership." *Id.* The
Court went on to hold that "the evidence fully supports the trial
court's finding that defendant occupied a position of leadership
which resulted in McNeair's *involvement* in the crimes." *Id.*
(Emphasis added).

In the instant case, defendant clearly *involved* the young male in
the commission of her crimes by paying him $30.00 for three vials of
his blood. As in *Lattimore*, the focus is on defendant's role in induc-
ing the young male to donate his blood and not on whether he was
aware of her illicit motive.

Furthermore, "[a]ll that is necessary is that *the record* support
[each] factor by a 'preponderance of the evidence.' " *State v. Abee*, 60
N.C. App. 99, 103, 298 S.E.2d 184, 186 (1982), *modified on other
grounds and aff'd*, 308 N.C. 379, 302 S.E.2d 230 (1983) (emphasis
added). When a convicted felon is given a sentence in excess of the
presumptive range, he may appeal as a matter of right, and the only
question before the appellate court on such an appeal is whether the
sentence is supported by evidence introduced at trial and the sen-
tencing hearing. N.C. Gen. Stat. § 15A-1444(a1) (1988).

The record in this case shows that defendant also induced Larry
Melton to participate in the scheme to defraud Sheila Fleming by

METROPOLITAN PROPERTY AND CASUALTY INS. CO. v. CAVINESS

[124 N.C. App. 760 (1996)]

suggesting to him that drawing his blood and submission of that blood for a paternity test would subject him to years of paying child support and the possible loss of his family. We, therefore, conclude that there was sufficient evidence to support the trial court's finding that defendant induced others to participate in the commission of the charged offenses.

For the foregoing reasons, we find that defendant received a fair trial free from prejudicial error.

No error.

Judges GREENE and MARTIN, John C. concur.