STATE OF NORTH CAROLINA v. CHARLES EDWARD WAMPLER

No. COA00-724

(Filed 17 July 2001)

## 1. Assault— intent to kill—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss at the close of all evidence the part of the assault charge "with intent to kill," because the evidence reveals that defendant took a bat made substantially heavier with steel pipe and swung it at the victim's head causing serious injury, defendant waited for a while outside of the victim's residence, defendant attacked the victim at night under conditions where he was most vulnerable, and defendant believed the victim was carrying a bag of money and was planning to steal that money.

## 2. Criminal Law— jury request for trial testimony—discretion of trial court

The trial court did not abuse its discretion in an assault case by denying the jury's request to review trial testimony under N.C.G.S. § 15A-1233(a) after jury deliberations had begun regarding the time frame defendant was at a store until the time of the crime, because: (1) in the absence of the transcript, the trial court would have had to give evidence which in effect would be giving its own recollection of the testimony; and (2) the jury's question regarding time frame from the store does not relate to any element of assault with intent to kill inflicting serious injury under N.C.G.S. § 14-32(a).

## 3. Sentencing— assault—aggravating range—serious injury

The trial court did not err in an assault case by sentencing defendant under the aggravating range of sentences, because: (1) the victim's injuries went beyond the "serious injury" necessary to convict defendant of the offense; and (2) the trial court properly found that defendant was a Level II offender based on his

prior record and that the aggravating factor of the victim suffering from a serious injury that is permanent and debilitating outweighed the mitigating factor of defendant's positive employment history.

Appeal by defendant from judgment entered 12 January 2000 by Judge David Q. LaBarre in Superior Court, Caswell County. Heard in the Court of Appeals 16 May 2001.

*Attorney General Roy A. Cooper, by Assistant Attorney General Sharon Patrick-Wilson, for the State.*

*Theresa K. Pressley, for the defendant-appellant.*

WYNN, Judge.

The defendant in this case appeals from his conviction of the class C felony of assault with a deadly weapon inflicting serious injury with intent to kill. We find no error in his trial.

The State's evidence tended to show that on 10 March 1999 at approximately 10:30 p.m., Avis Southerland walked up the pathway to his home carrying a paper bag that contained a piece of pie; however, he testified that he carried cash from time to time in a paper bag.

Mr. Southerland noticed movement and turned to see defendant running towards him wielding a bat. The defendant struck him on the top of the head and on his wrist with the bat. Mr. Southerland wrestled defendant to the ground and attempted to grab defendant's throat; but, defendant bit his finger and continued to chew it. The two men fell onto a boulder and defendant released Mr. Southerland's finger. Mr. Southerland kicked defendant in the ribs, and struck defendant several times with the bat. Shortly thereafter, Mr. Southerland yelled for his wife to call the police.

The police officers arrived; defendant was taken to the hospital by ambulance; and Mr. Southerland was taken to the hospital by EMS personnel in a private vehicle. As a result of the incident, Mr. Southerland's head was sewn with liquid stitch and his arm was put in a cast. His arm did not heal properly, and he had to have more surgery including a steel plate and five screws. Mr. Southerland's finger is permanently injured and will not bend properly.

Officer Scott Halbrook, who was at the scene, testified that defendant was laying on the ground bleeding when he arrived and Mr.

Southerland was also bleeding. Mr. Southerland told Officer Holbrook about the bat which Officer Holbrook determined contained a steel pipe. Officer Holbrook also testified that defendant had a mask made out of ladies' pantyhose. He advised defendant of his rights, and defendant chose to remain silent.

The defendant testified at trial that he lived close to Mr. Southerland and he was self-employed and did construction work. He knew Mr. Southerland as a passing acquaintance. On the night of the attack, defendant left his house after dinner to go back to work at 9:00 or 10:00 p.m. He stopped at the Express Mart to get a drink and a pack of cigarettes. He also testified that he was addicted to painkillers and ran into a man that sold them at the gas station. The defendant admitted that he was the perpetrator of this crime but that due to the illegal drugs he could not recall the evening of 10 March 1999. Following his conviction on the charged offense, the trial court sentenced defendant in the aggravated range of sentencing, as a prior record Level II offender with two prior points, to a minimum sentence of 125 months to a maximum of 159 months.

The issues on appeal are whether the trial court erroneously (I) denied defendant's motion at the close of all the evidence to dismiss the part of the assault charge, "with intent to kill"; (II) failed to address a question by the jury; and (III) sentenced defendant in the aggravated range of sentencing. For the reasons stated below, we conclude that defendant received a fair trial, free from prejudicial error.

[1] First, defendant contends the trial court committed reversible error by denying his motion at the close of all the evidence to dismiss the part of the assault charge, "with intent to kill." We disagree.

In reviewing the trial court's denial of a defendant's motion to dismiss, "we must examine the evidence adduced at trial in the light most favorable to the State to determine if there is substantial evidence of every essential element of the crime." *State v. McKinnon*, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982). "The test of whether the evidence is sufficient to withstand a motion to dismiss is whether a reasonable inference of defendant's guilt may be drawn therefrom, and the test is the same whether the evidence is direct or circumstantial." *State v. Gainey*, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996) (emphasis omitted). "If the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even

though the evidence may also support reasonable inferences of the defendant's innocence." *State v. Smith*, 40 N.C. App. 72, 79, 252 S.E.2d 535, 540 (1979).

The elements of the charge of assault with a deadly weapon with intent to kill inflicting serious injury under N.C. Gen. Stat. § 14-32(a) are: (1) an assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, (5) not resulting in death. *See State v. Reid*, 335 N.C. 647, 654, 440 S.E.2d 776, 780 (1994). "Before the issue of a defendant's guilt may be submitted to the jury, the trial court must be satisfied that substantial evidence has been introduced tending to prove each essential element of the offense charged and that the defendant was the perpetrator." *Id.* (quoting *State v. Barts*, 316 N.C. 666, 686, 343 S.E.2d 828, 841 (1986).

The defendant argues that the evidence does not support the conclusion that he intended to kill Mr. Southerland. "Proof of an assault with a deadly weapon inflicting serious injury not resulting in death does not, as a matter of law, establish a presumption of intent to kill. Such intent must be found by the jury as a fact from the evidence." *State v. Thacker*, 281 N.C. 447, 455, 189 S.E.2d 145, 150 (1972), *appeal after remand*, 18 N.C. App. 547, 197 S.E.2d 248 (1973). However, "[a]n intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances." *Id.*; *see also State v. White*, 307 N.C. 42, 49, 296 S.E.2d 267, 271 (1982).

There is ample evidence in the record from which a jury could reasonably infer that the defendant intended to kill Mr. Southerland. The record shows that defendant took a bat made substantially heavier with steel pipe and swung it at Mr. Southerland's head causing serious injury; defendant waited for quite awhile outside of Mr. Southerland's residence, as evidenced by the numerous cigarette butts found on the ground by defendant's car; and he attacked Mr. Southerland at night under conditions where he was most vulnerable. Moreover, there was evidence defendant believed that Mr. Southerland was carrying a bag of money and that he was planning to steal that money.

This evidence was sufficient to allow a reasonable jury to find that the defendant committed each of the elements of assault with a deadly weapon with intent to kill inflicting serious bodily injury not resulting in death. Therefore, this assignment of error is without merit.

**[2]** Next, defendant contends that the trial court committed reversible error by not addressing a question from the jury. We disagree.

The trial began on 24 January 2000 and due to severe weather it was recessed until 27 January 2000. And because of the illness of the court reporter from the first trial session, a different court reporter was present at the second trial session. At the conclusion of the evidence and closing arguments, the jurors asked the trial court a question regarding the time frame from when defendant was at the Express Mart until the time of the crime. The trial court informed the jury that:

> Not only is the Court unable to produce that testimony inasmuch as part of that testimony was taken by a different court reporter, the Court is unwilling in its discretion to give you a mere portion of the testimony as requested and can only invite you and other members of the jury to try as best you are able to rely on your own recollection of what was said.

After returning to the deliberation room, the jury came back six minutes later with their verdict.

N.C. Gen. Stat. § 15A-1233 (a) (1999) which governs the trial court's duty regarding jury requests to review trial testimony provides that:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

"It is a well-established rule in North Carolina that the decision whether to grant or refuse a request by the jury for a restatement of the evidence after jury deliberations have begun lies within the discretion of the trial court." *State v. Van Johnson*, 346 N.C. 119, 124, 484 S.E.2d 372, 375 (1997). "It is within the court's discretion to determine whether, under the facts of a particular case, the transcript should be available for reexamination and rehearing by the jury." *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999). The defendant

has the burden to show that the trial court's action was so arbitrary that it could not have been the result of a reasoned decision. *See State v. Weddington,* 329 N.C. 202, 404 S.E.2d 671 (1991); *State v. Herring,* 322 N.C. 733, 370 S.E.2d 363 (1988).

In this case, we find the trial court acted properly in the use of its discretion in refusing to answer the jury's question. In the absence of the transcript, the trial court would have had to give evidence, which in effect would be giving its own recollection of the testimony. Moreover, the jury's question regarding time frame from the Express Mart does not relate to any element of assault with a deadly weapon with intent to kill inflicting serious injury under N.C. Gen. Stat. § 14-32(a): (1) an assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, and (5) not resulting in death. *See* N.C. Gen. Stat. § 14-32 (a) (1999). Time is not a factor in any of the above elements. Thus the answer to the jury's question would have had no impact on the verdict. The trial judge correctly stated that his denial of the request was within his discretion; and he informed the jurors of the importance of relying on their own recollection. *See State v. Burgin,* 313 N.C. 404, 416, 329 S.E.2d 653, 661 (1985). This assignment of error is without merit.

[3] In his final argument, defendant contends that the trial court erred by sentencing him under the aggravated range of sentences. The defendant specifically argues that the aggravating factor was improperly applied because it involved evidence used to prove the element of the offense. We disagree.

At the sentencing hearing, defendant recalled Chaplain Jones who asked the trial court for mercy because of defendant's drug problems. The defendant's daughter also asked for mercy and told the trial court that defendant had been employed since his release from jail and had tried to get his life together. The defendant expressed his remorse to the trial court and to Mr. Southerland. The defendant asked for a mitigated range, and the State asked for an aggravated range. The trial court found defendant's positive employment history in being gainfully employed as a mitigating factor and found as an aggravating factor that the victim suffered from a serious injury that is permanent and debilitating. *See* N.C. Gen. Stat. §§ 15A-1340.16 (e)(17) and (d)(19) (1999). The trial court found that the aggravating factor outweighed the mitigating factor.

The defendant argues that the trial court violated N.C. Gen. Stat. §15A-1340.3(a)(1), which states that "[e]vidence necessary to prove

an element of the offense may not be used to prove any factor in aggravation [.]" *See* N.C. Gen. Stat. § 15A-1340.3(a)(1) (1999). Our Courts have held that long term effects or extended effects that arise from the victim's injuries may be properly used as an aggravating factor. *See State v. Brinson*, 337 N.C. 764, 448 S.E.2d 822 (1994); *State v. Crisp*, 126 N.C. App. 30, 483 S.E.2d 462 (1997).

N.C. Gen. Stat. § 14-32-4 defines serious bodily injury "as bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization." *See* N.C. Gen. Stat. § 14-32-4 (1999). In the present case, the victim's injuries went beyond the "serious injury" necessary to convict defendant of the offense. Mr. Southerland received several serious injuries including a broken wrist, chewed fingers, and a gash in the head. The aggravating factors that he suffered included permanent disfigurement of his fingers, surgery, loss of use and impairment. Moreover, the victim cannot bend his fingers and will always have a steel plate and screws in his hand.

"A sentencing judge properly may determine in appropriate cases that one factor in aggravation outweighs more than one factor in mitigation and vice versa." *State v. Parker*, 315 N.C. 249, 258 337 S.E.2d 497, 502 (1985), *appeal after remand*, 319 N.C. 444, 355 S.E.2d 489 (1987). "The balance struck by the sentencing judge in weighing the aggravating against the mitigating factors, being a matter within his discretion, will not be disturbed unless it is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *State v. Parker*, 315 N.C. at 258-59, 337 S.E.2d at 502-03 (citations omitted). A trial court's weighing of mitigating and aggravating factors will not be disturbed on appeal absent a showing that there was an abuse of discretion. *See State v. Daniels*, 319 N.C. 452, 355 S.E.2d 136 (1987).

In this case, we find that the trial court correctly found that defendant was a Level II offender because of his prior record, and that the aggravating factor outweighed the mitigating factor. Since there is no evidence of an abuse of discretion, we reject this assignment of error. *See id.*

For the foregoing reasons, we find that defendant received a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and BIGGS concur.