**STATE v. ROGERS**

[157 N.C. App. 127 (2003)]

STATE OF NORTH CAROLINA v. DANIEL GRAYSON ROGERS, Defendant

No. COA02-374

(Filed 1 April 2003)

**1. Sentencing— aggravating factors—leadership role**

The trial court correctly found in aggravation that defendant assumed a leadership role in a kidnapping and rape where defendant initiated the abduction, forced the victim into a truck, and initiated and completed the sexual assault.

**2. Sentencing— aggravating factors—joining with more than one other person**

The defendant did not join with more than one other person in committing a kidnapping and rape, and the trial court erred by finding this aggravating factor, where defendant joined with one accomplice in committing the offense.

**3. Sentencing— aggravating factors—position of trust or confidence**

Defendant did not take advantage of a position of trust or confidence in committing a kidnapping and rape, and the trial court erred by finding that aggravating factor, where the evidence showed that defendant and the victim were no more than acquaintances.

Appeal by defendant from judgment entered 29 November 2001 by Judge Henry E. Frye, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 22 January 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Diane Martin Pomper, for the State.*

*Michael E. Casterline, for defendant-appellant.*

HUDSON, Judge.

On 9 October 2001, defendant was indicted on charges of first degree kidnapping and first degree rape. He pled guilty to both charges. The charges were consolidated for sentencing. The trial court determined that defendant was at a prior record level II and also found three aggravating factors and two mitigating factors, and concluded that the factors in aggravation outweighed factors in mitigation. The trial court then sentenced defendant in the aggravated

range to a minimum term of 320 months and a maximum term of 393 months incarceration. Defendant appeals. For the reasons explained below, we remand for resentencing.

The summary of evidence forming the factual basis for the plea included, in part, the following. On 19 August 2000, defendant and co-defendant, Sammy Sechrist, drove to the Wal-Mart store in Kernersville in Sechrist's pick-up truck. They went inside the store and spoke with the victim, Jennifer Davis, who was working as a cashier at the time. As Davis left work, she met defendant and Sechrist in the Wal-Mart parking lot. After some conversation about buying cigarettes, Davis drove in her own car to a nearby gas station, and defendant and Sechrist followed in Sechrist's truck. After they bought cigarettes, the three were outside of the gas station when defendant took Davis' keys from her and gave them to Sechrist. Sechrist refused to return the keys, at which point defendant picked up Davis and put her on his lap in the passenger seat of Sechrist's truck. Sechrist then began to drive, telling Davis that they were going to take her "four-wheeling." Sechrist drove the truck to a wooded area approximately one mile off of the paved road. They got out of the truck, and defendant began to force himself on Davis. Sechrist then held Davis down while defendant struck her in the face and forcibly raped her. Afterwards, Sechrist drove Davis back to her car.

At the guilty plea and sentencing hearing, the defendant stipu-lated to the State's summary of the evidence, and presented no evi-dence, although defense counsel argued for a mitigated sentence. The court found three aggravating factors (that defendant induced others or occupied a position of leadership in committing the offense, that defendant joined with more than one other person in the commis-sion of the offense, and that defendant took advantage of a position of trust or confidence to commit the offense) and two mitigating fac-tors (that defendant voluntarily acknowledged wrongdoing in con-nection with the offense, and that defendant accepted responsibility for his conduct).

Defendant argues that there is insufficient evidence in the record to support the finding of the three aggravating factors found by the trial court. We agree with respect to two of the factors.

Under the Structured Sentencing Act, the trial court must con-sider evidence of aggravating and mitigating factors and may then impose a sentence in its discretion. N.C. Gen. Stat. § 15A-1340.16(a)

(2001). The State bears the burden of proving aggravating factors by a preponderance of the evidence. *Id.* A trial court's weighing of mitigating and aggravating factors will not be disturbed on appeal absent a showing that there was an abuse of discretion. *See State v. Wampler,* 145 N.C. App. 127, 133, 549 S.E.2d 563, 568 (2001); *see also, State v. Daniels,* 319 N.C. 452, 454, 355 S.E.2d 136, 137 (1987).

An aggravating factor should be found by the trial court only if the defendant behaved in a manner that increases his culpability for the offense. *State v. Bates,* 76 N.C. App. 676, 678, 334 S.E.2d 73, 74 (1985). The trial court's finding of an aggravating factor must be supported by "sufficient evidence to allow a reasonable judge to find its existence by a preponderance of the evidence." *State v. Hayes,* 102 N.C. App. 777, 781, 404 S.E.2d 12, 15 (1991). "When a convicted felon is given a sentence in excess of the presumptive range, he may appeal as a matter of right, and the only question before the appellate court on such an appeal is whether the sentence is supported by evidence introduced at trial and the sentencing hearing." *State v. Weary,* 124 N.C. App. 754, 759, 479 S.E.2d 28, 32 (1996).

The trial court found the following aggravating factors: (1) that defendant induced others to participate in the commission of the offense and occupied a position of leadership or dominance of other participants in the commission of the offense; (2) that defendant joined with more than one other person in committing the offense; and (3) that defendant took advantage of a position of trust or confidence to commit the offense. We address each of these findings separately below.

A. *Defendant induced others or had a leadership role in the commission of this offense.*

[1] In *State v. Lattimore,* this Court held that the focus of this aggravating factor "is not on the role of the 'participants' in the crime, but on the role of the defendant in inducing others to participate or in assuming a position of leadership." *State v. Lattimore,* 310 N.C. 295, 299, 311 S.E.2d 876, 879 (1984); *see also, State v. SanMiguel,* 74 N.C. App. 276, 278, 328 S.E.2d 326, 328 (1985).

Here, the evidence showed that defendant initiated the abduction when he took Davis' keys from her and gave them to Sechrist. Then, when Sechrist refused to return the keys to Davis, defendant forced Davis into the truck. Although Sechrist drove the truck and helped to restrain Davis, it was defendant who initiated and completed the sex-

ual assault. Taking these facts as true, we believe this evidence does support the court's finding that defendant assumed a leadership role in these events. Thus, the trial court did not err in finding this aggravating factor.

*B. Defendant joined with more than one other person in the commission of this offense.*

**[2]** The trial court found as a second aggravating factor that "defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." N.C. Gen. Stat. § 15A-1340.16(d)(2) (2001). The plain language of this factor clearly requires the participation of more than one person in addition to the defendant. While there is sufficient evidence that defendant was joined by Sechrist in committing the offense, there is no evidence that defendant acted with more than one other person. Thus, the record does not support this factor.

*C. Defendant took advantage of a position of trust or confidence to commit the offense.*

**[3]** In *State v. Daniel*, our Supreme Court considered the "trust or confidence" factor in the context of the relationship between a mother and her newborn child. *State v. Daniel*, 319 N.C. 308, 354 S.E.2d 216 (1987). The Supreme Court held that a finding of this aggravating factor did not require that the victim consciously regard the defendant as one in whom she placed her trust or confidence, but instead that "such a finding depends . . . upon the existence of a relationship between the defendant and victim generally conducive to reliance of one upon the other." *Id.* at 311, 354 S.E.2d at 218.

Our courts have upheld a finding of the "trust or confidence" factor in very limited factual circumstances. *See, e.g., State v. Farlow*, 336 N.C. 534, 444 S.E.2d 913 (1994) (factor properly found where nine-year-old victim spent great deal of time in adult defendant's home and essentially lived with defendant while mother, a long-distance truck driver, was away); *State v. Arnold*, 329 N.C. 128, 404 S.E.2d 822 (1991) (factor properly found in husband-wife relationship); *State v. Potts*, 65 N.C. App. 101, 308 S.E.2d 754 (1983), *disc. review denied*, 311 N.C. 406, 319 S.E.2d 278 (1984) (factor properly found where defendant shot best friend who thought of defendant as a brother); *State v. Baucom*, 66 N.C. App. 298, 311 S.E.2d 73 (1984) (factor properly found where adult defendant sexually assaulted his

ten-year-old brother); *State v. Stanley*, 74 N.C. App. 178, 327 S.E.2d 902, *disc. review denied*, 314 N.C. 546, 335 S.E.2d 318 (1985) (factor properly found where defendant raped nineteen-year-old mentally retarded female who lived with defendant's family and who testified that she trusted and obeyed defendant as an authority figure). *But see State v. Erlewine*, 328 N.C. 626, 403 S.E.2d 280 (factor not properly found where defendant shared an especially close relationship with his drug dealer, the murder victim); *State v. Carroll*, 85 N.C. App. 696, 355 S.E.2d 844, *disc. review denied*, 320 N.C. 514, 358 S.E.2d 523 (1987) (factor not properly found where defendant and victim had met only one and a half days before the murder and had decided to take a trip together in defendant's car).

By contrast, this Court has held that this aggravating factor was not properly found where defendant and victim had been acquainted for approximately one month before the murder and where victim had once asked defendant to join her and her sister for breakfast at victim's apartment. *State v. Midyette*, 87 N.C. App. 199, 360 S.E.2d 507 (1987), *affirmed per curiam*, 322 N.C. 108, 366 S.E.2d 440 (1988). The Court concluded that such evidence showed only that the defendant and the victim were acquaintances, and that no relationship existed through which the defendant occupied a position of trust or confidence. *Id.* at 203, 360 S.E.2d at 509.

Here, the record shows that Davis and defendant had an "informal introduction" prior to the date of the offense. Their only previous contact was several apparently casual encounters at the Wal-Mart store where Davis worked. There is no evidence in the record that defendant and Davis had ever spoken to one another or met one another outside of the store, other than on the date of the offense.

This evidence shows, at most, that defendant and Davis were merely acquaintances. We do not believe that this evidence demonstrates "the existence of a relationship between the defendant and victim generally conducive to reliance of one upon the other." *Daniel*, 319 N.C. at 311, 354 S.E.2d at 218.

The trial court's error in finding these aggravating factors entitles defendant to a new sentencing hearing. *State v. Moses*, 154 N.C. App. 332, 340, 572 S.E.2d 223, 229 (2002) ("When the trial judge errs in finding an aggravating factor and imposes a sentence in excess of the presumptive term, the case must be remanded for a new sentencing hearing").

Remanded for resentencing.

Judges MARTIN and STEELMAN concur.