IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-654

No. COA22-218

Filed 4 October 2022

Wake County, Nos. 17CRS1875, 21CRS203531

STATE OF NORTH CAROLINA

v.

ALJARIEK FREEMAN, Defendant.

Appeal by defendant from judgment entered 30 September 2021 by Judge Keith O. Gregory in Wake County Superior Court. Heard in the Court of Appeals 23 August 2022.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Joseph R. Shuford, for the State-appellee.*
>
> *Dysart Willis, by Andrew Nelson, for defendant-appellant.*

GORE, Judge.

¶ 1     Defendant petitions for writ of certiorari claiming the trial court erred during sentencing by not finding two mitigating factors supported by uncontradicted and credible evidence to mitigate his sentence on one count of robbery with a dangerous weapon and one count of conspiracy to commit robbery with a dangerous weapon. Defendant is limited to petitioning for writ of certiorari since he has no right of appeal under Section 15A-1444 of the North Carolina General Statutes. For the following reasons, we deny defendant's petition for writ of certiorari and dismiss the appeal.

**I.**

Defendant was involved in a robbery on 10 December 2016. During the robbery, one of defendant's co-conspirators shot a drug dealer in the back of the head, killing him. Defendant pled guilty to two offenses: (1) robbery with a dangerous weapon, and (2) conspiracy to commit robbery with a dangerous weapon. Defendant agreed to testify for the State against his co-conspirator and cooperated accordingly. On 28 January 2021, defendant was charged with two counts of trafficking heroin and pled guilty to both on 8 July 2021.

Defendant was set for sentencing on all four offenses on 9 September 2021, but he failed to appear. Defendant's prior record was a level III due to prior convictions in multiple counties during 2014, 2016, and 2017. On 30 September 2021, at the rescheduled sentencing hearing, the State agreed defendant cooperated by testifying against his co-conspirator at the co-conspirator's first-degree murder trial. Defendant requested the trial court mitigate his sentence based upon his cooperation with the State. The trial court considered the evidence of mitigating factors and chose to sentence defendant within the presumptive range for the two robbery convictions. The State and defendant stipulated that defendant agreed to provide substantial assistance to the Raleigh Police Department after pleading guilty to the trafficking charges. The trial court took this substantial assistance into account and issued a reduced sentence for defendant of 41 to 59 months rather than 70 to 93 months.

Because defendant pled guilty to all his charged offenses, he has no right to appeal unless his petition for writ of certiorari is granted. Defendant orally appealed in open court.

## II.

¶ 4 Defendant claims he has a meritorious issue that deserves this Court's consideration such that we should grant his petition for writ of certiorari. We disagree.

¶ 5 Under Section 15A-1444, a defendant who enters a guilty plea is only entitled to appeal of right when the minimum sentence handed down does not fall within the presumptive range based upon defendant's prior record and offense class. N.C. Gen. Stat. § 15A-1444(a1) (2021). Otherwise, the defendant has no right of appeal and is limited to petition for review via writ of certiorari for any sentencing issue. *Id.* "A petition for the writ must show merit or that error was probably committed below. . . . *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959). "A trial court's weighing of mitigating and aggravating factors will not be disturbed on appeal absent a showing that there was an abuse of discretion." *State v. Rogers*, 157 N.C. App. 127, 129, 577 S.E.2d 666, 668 (2003).

¶ 6 In claiming a meritorious issue for appeal, defendant cites to *State v. Jones*, for the proposition that a sentencing judge errs "if he fails to find a statutory factor when

evidence of its existence is both uncontradicted and manifestly credible." 309 N.C. 214, 220, 306 S.E.2d 451, 456 (1983). However, this statement made by our Supreme Court was to give effect to the Fair Sentencing Act, which has since been repealed. *See* N.C. Gen. Stat. § 15A-1340.1 to 15A-1340.7, *repealed by* Structured Sentencing Act, ch. 538, sec. 14, 1993 N.C. Sess. Laws 2298, 2318. The Structured Sentencing Act replaced the Fair Sentencing Act and under the Structured Sentencing Act, "[t]he court shall make findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences . . . ." N.C. Gen. Stat. § 15A-1340.16(c) (2021). This is the case "even if the evidence of mitigating factors is uncontroverted." *State v. Garnett*, 209 N.C. App. 537, 550, 706 S.E.2d 280, 288 (2011); *see State v. Dorton,* 182 N.C. App. 34, 43, 641 S.E.2d 357, 363, *disc. rev. denied,* 361 N.C. 571, 651 S.E.2d 225 (2007) (Mem.) ("[T]he court did not err by declining to formally find or act on defendant's proposed mitigating factors, regardless whether evidence of their existence was uncontradicted and manifestly credible.").

¶ 7   Although defendant may have presented sufficient evidence of mitigating factors, the trial court, in its discretion, could refuse to mitigate the sentence. Defendant presented sufficient evidence of mitigating factors 7 and 11 under Section 15A-1340.16(e), of which the State agreed. *See* N.C. Gen. Stat. § 15A-1340.16(e) (2021). The trial court considered the evidence and the mitigating factors but, in its

discretion, chose to sentence defendant in the presumptive range. Defendant received an active sentence for the first robbery count within the presumptive range of 84 months minimum to 113 months maximum, and for his second conspiracy to commit robbery count, a sentence within the presumptive range of 33 months minimum to 52 months maximum. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2021). Because the trial court sentenced defendant within the presumptive range, as this Court has stated many times, it was not required to find mitigating factors or sentence defendant to a mitigated sentence. *See State v. Ramirez*, 156 N.C. App. 249, 258–59, 576 S.E.2d 714, 721 (2003) ("Since the court may, in its discretion, sentence defendant within the presumptive range without making findings regarding proposed mitigating factors, we hold the trial court did not err by sentencing defendant within the presumptive range without making findings as to this mitigating factor."); *State v. Taylor*, 155 N.C. App. 251, 267, 574 S.E.2d 58, 69 (2002); *State v. Campbell,* 133 N.C. App. 531, 542, 515 S.E.2d 732, 739 (1999).

¶ 8    Accordingly, because defendant fails to show a meritorious claim or that the result would probably be different, defendant does not meet the standard for granting petition for writ of certiorari.

**III.**

Defendant's petition for writ of certiorari on the sole issue of sentencing error due to mitigating factors is denied with prejudice. For the foregoing reasons, defendant's petition for writ of certiorari is denied and his appeal is dismissed.

DISMISSED.

Judges DILLON and CARPENTER concur.